PER CURIAM.
W. C. Jones appeals from a final summary judgment rendered for the plaintiff-counterdefendant below, Life Insurance Company of Florida.
*890 Jones argues that the trial court committed reversible error in entering a final summary judgment against him; in dismissing his fourth amended counterclaim with prejudice; and in denying his motion to product certain correspondence between the life insurance company and the office of the Florida State Insurance Commissioner.
This suit was started when the insurance company sued Jones alleging that he was employed as an agent to sell insurance for them in the Belle Glade, Florida area; that during the week of January 7, 1963, Jones had collected the sum of $2,250.63, of which $1,440.80 belonged to the plaintiff; that he had converted these funds; and that during the week of January 14, 1963, he had collected the sum of $2,125.55, of which $1,373.81 belonged to the company and that he had also converted this sum. The trial court denied Jones’ motion to dismiss the complaint but required the insurance company to produce and attach to its complaint an insurance agency contract between the parties. The company filed the insurance agency contract. Jones then filed his answer which consisted primarily of a general denial of each and every material allegation of the complaint and a counterclaim against the insurance company.
During the skirmishing over the pleadings, Jones filed the following interrogatory to the insurance company:

The company answered this interrogatory as follows:

“10. I believe initially the Insurance Department was notified by J. E. Cul-breth, Vice President. The exact dates of any communication between Mr. Cul-breth and the Insurance Department I cannot find at this time; however, I wrote a letter to R. B. McClellan, Deputy Commissioner, Treasurer’s Office, Tallahassee, Florida, and informed him on April 5, 1963, that Mr. Jones failed to remit to the Life of Florida premiums he had collected for and on behalf of Life of Florida. The week of January 14, 1963 he failed to remit $1,373.81 and for the week of January 7, 1963 he stopped payment on a check for net premiums in the amount of $1,440.80, which check in question was drawn on an account which did not have sufficient funds. In my letter of April 5th, I notified the department that the total monies owed to the company by this man was $2,814.61.”

Ultimately, Jones filed his fourth amended counterclaim against the insurance company. The company filed its motion to dismiss and strike the fourth amended counterclaim. The trial court granted the plaintiff’s motion to dismiss the fourth amended counterclaim with leave to the defendant Jones to amend only paragraphs 6 and 8 thereof; it granted the motion of the insurance company to strike paragraphs 1, 2, 3, 4, 5 and 7 without leave to amend but denied the motion to strike paragraphs 6 and 8. This order required Jones to amend paragraphs 6 and 8 of the counterclaim within ten days, setting forth with particularity any alleged wilful, arbitrary or malicious acts effected or caused by the insurance company for the purpose of converting Jones’ independent agency into a company operation; what sums, office equipment and records, if any, were converted; and what acts were undertaken, if any, to deprive Jones of an opportunity to *891 earn a livelihood in the insurance field. Jones thereafter filed a motion in which he stated that he had elected not to amend his fourth amended counterclaim and moved for the entry of a final order of dismissal thereof. The trial court acted upon the aforesaid motion and dismissed the fourth amended counterclaim with prejudice.
The insurance company then moved for a summary judgment with supporting affidavits and the trial court entered a final summary judgment in its favor.
We turn first to the denial of the motion to produce the correspondence between the company and the office of the State Insurance Commissioner set forth in the interrogatory, supra. The Insurance Commissioner of Florida had revoked the license of Jones as an insurance agent, after a hearing under the authority of Fla.Stat. § 626.611, F.S.A. The correspondence sought herein appears to have been material and relevant to the hearing on the revocation of the aforesaid license.
Such hearings are judicial or quasi-judicial in nature and the rule of absolute privilege applies to statements or correspondence produced therein. See Robertson v. Industrial Insurance Company, Fla.1954, 75 So.2d 198, 45 A.L.R.2d 1292 and Kuvin, Insurance, 10 Miami L.Q. 360 (1956). Jones’ contention that the insurance company waived its right to claim “privilege” by answering the interrogatory in a general nature is without merit. Cf. Fireman’s Fund Insurance Company v. Vogel, Fla.App.1967, 195 So.2d 20. We hold, therefore, that no reversible error was committed by the trial court in its denial of the motion to produce the correspondence.
Addressing ourselves next to the question of the propriety of the summary judgment, we note that the defendant Jones never raised any affirmative defenses of waiver or estoppel in his answer to the original complaint filed herein. Nevertheless he now attempts to assert an estoppel theory against the insurance company.
The record reveals that the parties entered into a written contract on October 21, 1957, in which the company employed Jones as a general agent in the Belle Glade area for five years. This agency contract was to expire by its terms on October 21, 1962. It provided Jones with the right and option to renew the agency contract for an additional fifteen years provided he gave the insurance company written notice by registered mail on or before September 21, 1962, of his election to extend the contract. The contract contained other provisions and requirements not necessary to this opinion. On June 14, 1962, Jones wrote a letter to the Board of Directors of the insurance company. He proposed many changes concerning the terms and conditions of the contract, specifically requesting a more suitable and agreeable payment arrangement at the expiration of the current contract. Jones did not appear before the Board of Directors of the company and they never acted upon the letter or the suggested changes contained therein. Jones never gave the company notice of his election to renew the contract by registered mail on or before September 21, 1962, except for the aforesaid letter.
The written insurance agency contract expired under its express terms and conditions on October 21, 1962 and the letter of June 14, 1962 failed to comply with the specific provisions for renewal of the written contract by Jones. At most, it amounted to a counter-offer to enter into a new and different contract which was never acted upon or accepted by the company. Not having pleaded estoppel as an affirmative defense in his answer, Jones may not raise it as a defense for the first time on appeal.
The insurance agency contract, having terminated by the failure of Jones to comply with its terms and provisions, was no longer in existence after October 21, 1962, and any services which he performed after that date were not performed under the terms and provisions of the written agency contract.
*892 The insurance company, in moving for summary judgment, filed affidavits setting forth specifically that the amount owed to it by Jones was in the sum of $2,814.61 and that no part of the amount due had been paid by him in spite of the demands of the company. The affidavits contained other sworn statements which were not denied by Jones as he never filed any counter affidavits; although he admitted in depositions that there was some money due to the company. We find no error in the entry of the summary final judgment for the insurance company.
The claim of reversible error in the dismissal of Jones’ fourth amended counterclaim does not appear to be meritorious and if error at all, is self-induced error. Jones was given the opportunity to amend his counterclaim and elected not to do so. He thereafter specifically requested the court to dismiss his fourth amended counterclaim. The court complied with Jones’ request and he is in no position now to complain of an action by the trial court, which he sought and induced.
Accordingly, the final summary judgment is
Affirmed.