264 So.2d 81 (1972)
Richard SEIDEL, Appellant,
v.
Dr. Gordon E. HILL, Appellee.
No. 71-302.
District Court of Appeal of Florida, Fourth District.
June 29, 1972.
*82 L.P. Evans, Jr., and Dan G. Wheeler, Jr., of Wheeler & Evans, Miami, for appellant.
Thomas B. Mimms, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
PER CURIAM.
We affirm the final summary judgment entered in favor of the defendant, Dr. Hill, in a libel action. We have reviewed the record and considered the able arguments and authorities submitted by counsel. We judicially conclude that the writing attributed to Dr. Hill was made and published, in fact and law, as a part or participation in quasi-judicial proceedings involved with Florida Workmen's Compensation Law, Ch. 440, F.S. 1969, F.S.A. As such, it was absolutely privileged and thus not actionable. We affirm upon authority of Robertson v. Industrial Insurance Company, Fla. 1954, 75 So.2d 198; McNayr v. Kelly, Fla. 1966, 184 So.2d 428; Hauser v. Urchisin, Fla. 1970, 231 So.2d 6; Bencomo v. Morgan, Fla.App. 1968, 210 So.2d 236; Jones v. Life Insurance Company of Florida, Fla.App. 1968, 215 So.2d 889.
Affirmed.
WALDEN and CROSS, JJ., concur.
MAGER, J., concurs specially.
MAGER, Judge (concurring specially):
In my opinion the record does not reflect sufficient facts upon which it can be determined to any degree of certainty that the writing in question was made "as a part or participation in quasi-judicial proceedings involved with the Florida Workmen's Compensation Law". As to the type of "proceeding" before the Florida Industrial Commission, the record merely reflects the filing of a workmen's compensation claim; an inference that the claim was assigned to a judge of Industrial Claims; the treatment by a physician (defendant) during the pendency of such claim; the filing of a medical report in connection with such treatment with the Workmen's Compensation Division pursuant to F.S. Section 440.13(1), F.S.A. during the pendency of such claim; and the closing out of the claim. This procedure or "proceeding" in my opinion falls far short of constituting a quasi-judicial proceeding to which an absolute privilege would as a matter of law attach. See Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417.
It is my opinion, however, that the writing in question was qualifiedly or conditionally privileged, O'Neal v. Tribune Company, Fla.App. 1965, 176 So.2d 535, and that the plaintiff as a matter of law failed to show the existence of actual malice and consequently the judgment of the trial court should be affirmed. See State Plant Board v. Smith, Fla. 1959, 110 So.2d 401.