OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Appellee sued Appellant for damages, alleging that the latter had committed an assault and battery upon him. Appellant’s amended counterclaim, seeking damages for alleged defamatory remarks uttered by Ap-pellee, was dismissed with prejudice. It is from the order of dismissal that Appellant has taken this appeal.
Looking solely to the allegations of the amended counterclaim, and accepting as true all well pleaded facts as well as all reasonable inferences arising therefrom. Poulos v. Vordermeier, 327 So.2d 245 (Fla. 4th DCA 1976), we conclude that the amended counterclaim alleges, perhaps marginally, a cause of action for defamation per se in that it alleges that Appellee falsely published of and concerning Appellant words imputing a crime to Appellant. See Campbell v. Jacksonville Kennel Club, Inc., 66 So.2d 495 (Fla.1953).
The particular allegations which we believe sufficient to state a cause of action for defamation per se are quoted as follows:
“[Clark], on repeated occasions, has falsely told persons that [Kirvin] has threatened to do bodily harm or injury to [Clark] or his property and that such threats were made for the purpose of *1204 prohibiting and preventing [Clark] from asserting his rights and privileges against [Kirvin] in the courts ... of Franklin County.”
These words, if true, would imply that Kir-vin, by such conduct, was guilty of a violation of Section 836.05, Florida Statutes (1979), a felony of the second degree.
Appellee urges that the alleged defamatory words were absolutely privileged because published in the course of judicial proceedings. If the alleged defamatory words are indeed subject to an absolute privilege (a matter which we do not here need to decide), such privilege is not disclosed by the allegations of the amended counterclaim and therefore may not be asserted in a motion to dismiss, but rather must be pleaded as a defense.
The order dismissing the amended counterclaim is reversed. Upon remand, Appel-lee should be afforded reasonable opportunity to file such defenses thereto as he may be advised.
REVERSED AND REMANDED.
MILLS, C. J., concurs.
ROBERT P. SMITH, J., dissents, without opinion.