PER CURIAM.
The plaintiffs David Weitzner and Eduardo Soto appeal an adverse final summary judgment in a libel action. We affirm.
The libel action arises from two allegedly defamatory letters sent by a layperson properly authorized to represent the defendant U.S. Precast Corporation in an unfair labor practices complaint filed against the defendant before the National Labor Relations Board [NLRB] by the NLRB Regional Director in Tampa, Florida. The letters were sent during the pendency of the subject NLRB proceeding to the NLRB office in Washington, D.C. and to the Regional Director of the NLRB in Tampa, Florida, with copies sent to all parties and counsel in the proceeding; enclosed with the copies of the letter were certain pleadings filed in connection with the case.
The letters were, in part, routine transmittal letters commonly employed when serving parties and opposing counsel with filed pleadings in a pending case. In addition, however, the letter to the NLRB Washington office requested that the NLRB
“carefully review the serious lack of objeri tivity which occurred in the Miami Resident Office of Region 12 whereby Board procedures were abused, alleged incidents and dates were fabricated, and retroactively modified, willful false statements were made in violation of U.S.Code Title 18, Section 1001, acts of conspiracy between Government officials, a union and others occurred to misrepresent and distort the sequence of facts which occurred, in the above CA case.”
A.3.
Also the letter to the NLRB Tampa Regional office stated:
“Our Motion to Dismiss this Complaint is based upon a lack of objectivity, abuse of regulations and conspiracy between the Region’s Miami Resident Office, the union involved and others in making willful false statements punishable by fine and imprisonment in violation of U.S. Code, Title 18, Section 1001.
We respectfully request the Regional Director carefully investigate this matter, reevaluate this abuse of discretion and dismiss the Complaint unilaterally just as the numerous willful false statements were dismissed by the Region in the similar numerous untruthful allegations contained in 12-CA-14707.”
A.5.
Assuming, without deciding, that these allegedly defamatory letters referred to the plaintiffs [a field examiner and an attorney for the NLRB office in Miami, who were involved in the investigation and filing of the NLRB complaint against the defendant], we conclude that these letters are absolutely privileged. The law is clear that where, as here, a letter is sent (1) by an authorized representative of a party in a pending quasi-judicial administrative proceeding such as an NLRB proceeding, (2) the letter pertains to and is relevant to the pending proceeding, and (3) the letter is sent to the opposing party with copies to counsel— any allegedly defamatory material in the letter is absolutely privileged. We have not overlooked the plaintiffs’ contrary arguments, but are not persuaded by them. Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla. 1992); Robertson v. Industrial Ins. Co., 75 So.2d 198, 199 (Fla.1954); Seidel v. Hill, 264 So.2d 81 (Fla. 4th DCA 1972).
This being so, the final summary judgment entered in favor of the defendant in this cause is, in all respects,
Affirmed.