BARFIELD, C.J.
This appeal and cross-appeal of orders in an action for libel were filed by the representatives of rival unions in a 1994 Public Employee Relations Commission (PERC) proceeding involving 3,000 City of Jacksonville employees. Attorney Ben Patterson represented the Florida Public Employees Council 79, AFSCME, which had previously been certified as the bargaining agent for the City employees. Jack Daniels was one of the non-lawyer representatives of the Association of City Employees (ACE), a competing union. During the PERC proceeding, Patterson sent a letter to the mayor which contained an ambiguous statement regarding Daniels. This statement was the basis for Daniels’ libel complaint against Patterson.
After denying a motion to dismiss the complaint, the trial court granted Patterson’s motion for summary judgment, finding that his letter was not defamatory “as a matter of law” and that even if the statements in the letter were defamatory, “they would nevertheless be absolutely privileged” because they were relevant statements by an attorney, “made in the course of an ongoing representation-certification proceeding which included an election between two competing unions and the City of Jacksonville,” citing Robertson v. Industrial Ins. Co., 75 So.2d 198 (Fla. 1954); Hope v. National Alliance of Postal and Federal Employees, Jacksonville Local No. 320, 649 So.2d 897 (Fla. 1st DCA 1995); Weitzner v. U.S. Precast Corp., 645 So.2d 180 (Fla. 3d DCA 1994); Sussman v. Damian, 355 So.2d 809 (Fla. 3d DCA 1977). The court ruled that even if the statements in the letter were defamatory and were not absolutely privileged because they were not relevant to the PERC proceeding, they would be “conditionally privileged” or “prima facie privileged” under the facts of this case, finding no evidence “from which express malice might be proved or reasonably inferred,” citing Sussman.
Patterson filed a verified motion to tax costs and a motion for attorney fees under section 57.105, Florida Statutes, citing Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995). The trial court entered an order granting the motion to tax costs and denying the motion for attorney fees, without explanation.
Jack Daniels appeals the final summary judgment, and Patterson appeals the order denying his motion for attorney fees. While the determination of whether an unambiguous statement is defamatory is a question of law, the interpretation of the ambiguous phrase in the letter at issue is a question of fact, not determinable on a motion for summary judgment. However, even if the statement in the letter were defamatory, it would be absolutely privileged under the circumstances, which moots the other issues in Daniels’ appeal. We find this action to be no less frivolous than the defamation action in Demby v. English. We therefore AFFIRM the summary judgment, and REVERSE the *680 order denying the motion for attorney fees.
ERVIN and WOLF, JJ., CONCUR.