849 So.2d 331 (2003)
James A. ELDERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D02-1956.
District Court of Appeal of Florida, Second District.
March 19, 2003.
Rehearing Denied April 24, 2003.
NORTHCUTT, Judge.
James Elders appeals an order denying his motion for access to records of the Department of Children and Family Services beyond that granted by the circuit court in response to our opinion in Elders v. State, 805 So.2d 925 (Fla. 2d DCA 2001). We treat this appeal as a petition for writ of certiorari and deny it.
Elders was convicted of committing lewd and lascivious acts on children in two cases. In motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, Elders alleged that the department possessed investigative reports containing exculpatory information, authored by department investigator Shirley Williams. Elders filed a motion in his rule 3.850 proceeding seeking access to these reports, but his motion was denied by the circuit court.
We treated Elders' prior appeal as a certiorari proceeding and quashed the denial order. In our opinion we noted that "it appears that Elders has a clear right to obtain any report by Williams, see § 39.202(2)(e), Fla. Stat. (2000), and that the trial court has the authority to conduct an in camera inspection to determine the postconviction issues pending before it, see § 39.202(2)(f)[.]" We directed the circuit court "to conduct an in camera inspection of the pertinent reports." Elders, 805 So.2d at 925.
Elders now complains of the circuit court's refusal, following our prior decision, *332 to expand its inquiry to all materials held by the department relative to Elders's case. We write to clarify the scope of our earlier decision.
Section 39.202(1), Florida Statutes (2002), generally provides that "all records held by the department concerning reports of child abandonment, abuse, or neglect" are confidential and exempt from the public records laws, and that such records are not to be disclosed except as authorized by chapter 39. Subsection (2) of that statute contains a list of persons, officials and agencies who may have access to some or all of the mentioned records.
Two of these provisions are pertinent here. First, section 39.202(2)(e) provides that such records shall be released to "[a]ny person alleged in the report as having caused the abuse, abandonment, or neglect of a child." Access to such records is somewhat qualified:
This access shall be made available no later than 30 days after the department receives the initial report of abuse, abandonment, or neglect and, when the alleged perpetrator is not a parent, shall be limited to information involving the protective investigation only and shall not include any information relating to subsequent dependency proceedings. However, any information otherwise made confidential or exempt by law shall not be released pursuant to this paragraph.
§ 39.202(2)(e), Fla. Stat. (2002).
Second, section 39.202(2)(f) provides that such records shall be released to a court
upon its finding that access to such records may be necessary for the determination of an issue before the court; however, such access shall be limited to inspection in camera, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it.
As can be seen, the right of access under section 39.202(2)(e) is unfettered by any restriction on the purpose of the request, but the scope of the access is limited by restrictions on content. In contrast, the access granted to a court under section 39.202(2)(f) is unrestricted as to content, but limited in purpose; it may be employed only when the records may be necessary for the determination of an issue before the court.
In our prior decision in this case, it was clear to us that the report or reports authored by Shirley Williams were necessary to the determination of Elders's motions under rule 3.850, and we directed the circuit court to proceed accordingly. However, we did not mean to imply that a litigant in a judicial proceeding, whether under rule 3.850 or otherwise, could gain access to department records by having the court engage in a general search of all of the department's records in a matter, absent a finding that such a broad inquiry is necessary to the determination of an issue before the court.
Section 39.202(2)(e) may well grant Elders access to additional records in the hands of the department. He may pursue that access directly by submitting a request to the department and, if necessary, by taking appropriate legal action to enforce his statutory right. But under the circumstances presented so far in Elders's rule 3.850 proceeding, the circuit court did not abuse its discretion, let alone depart from the essential requirements of law, by declining to inspect records other than as previously directed by this court.
Petition for writ of certiorari denied.
FULMER and COVINGTON, JJ. concur.