873 So.2d 1243 (2004)
Salvatore FARIELLO, Appellant,
v.
Craig J. GAVIN, Michele Rose, et al., Appellees.
No. 5D03-2256.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
*1244 Salvatore Fariello, Hernando, Pro Se.
Jennifer Cates Lester of Dell, Graham, P.A., Gainesville, for Appellees.
MONACO, J.
Appellant, Salvatore Fariello, appeals the dismissal with prejudice of his amended complaint seeking damages for defamation against the appellees, Craig Gavin, Michele Rose, Percy J. Moore, Ron Kurtz, Mark Canova, and Crystal Hills Mini Farms Unit 1 and 2 Association, Inc. (the "Association"). The basis for the dismissal was, first, the absolute privilege accorded comments made during the course of judicial proceedings, and second, a conditional or qualified privilege. We affirm the dismissals with prejudice in favor of Michele Rose, Percy J. Moore, Ron Kurtz, and Mark Canova without further comment. Because it is too early in the proceedings to discern whether Craig Gavin or the Association are able to benefit from the litigation privilege, however, we reverse the dismissal with respect to these two defendant/appellees, and remand for further proceedings.
This is not the first time this court has visited with Mr. Fariello and his neighbors at Crystal Hills Mini Farms. See Fariello v. Butts, 871 So.2d 245 (Fla. 5th DCA 2004). Briefly, the current dispute arises out of a claim by Mr. Fariello that Mr. Gavin, the president of the Association, slandered him on two occasions, and that he did so while acting as an agent for the Association. He alleges initially that Mr. Gavin made slanderous comments to Mr. Fariello's neighbor, Thomas Turitto, to the effect that Mr. Fariello committed the crime of perjury in connection with certain of his professional qualifications. Three days later Mr. Gavin is alleged to have repeated the assertion of perjury at an open meeting of the Association. After suit was brought, Mr. Gavin and the Association moved to dismiss the complaint with prejudice asserting absolute and qualified immunity as the bases for the dismissal. The trial court granted the motions on the theory that it was appropriate to question the credibility of Mr. Fariello publicly because the two men were adversaries in the prior lawsuit. More specifically, the trial court held that:
Comment on a parties' [sic] credibility is always relevant, and was undeniably relevant to the Plaintiff's (Mr. Fariello's) other suit against Gavin and Crystal Hills. It is therefore absolutely privileged and this suit should be dismissed. Furthermore, the falsity or maliciousness of the slander alleged by the Plaintiff is irrelevant. Statements made regarding ongoing judicial proceedings, as was the Plaintiff's first suit against Gavin and Crystal Hills, are privileged no matter how false or malicious those statements may be.
We review the order dismissing the complaint using a de novo standard of review. Sobi v. Fairfield Resorts, Inc., 846 So.2d 1204 (Fla. 5th DCA 2003).
This court has recognized that statements made "in connection with" or "in the course of" an existing judicial proceeding are protected by absolute immunity, even if they are not necessarily made in court or under oath. See Stucchio v. Tincher, 726 *1245 So.2d 372 (Fla. 5th DCA 1999). The limits of that concept, however, have not been fully explored. We suppose that it is possible that the litigation immunity invoked by Mr. Gavin and the Association is applicable to the present controversy. See, e.g., Daniels v. Patterson, 751 So.2d 678 (Fla. 1st DCA 2000). The difficulty is, however, that we cannot tell based only on the complaint whether it will have any viability in this context.
There is a well-recognized immunity afforded to statements or actions taken during a judicial proceeding. By virtue of this immunity, defamatory statements made in the course of judicial proceedings by parties, witnesses and counsel are absolutely privileged, no matter how false or malicious those statements might be, provided the statements are relevant to the subject of inquiry. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606, 607 (Fla.1994); Ponzoli & Wassenberg, P.A. v. Zuckerman, 545 So.2d 309 (Fla. 3d DCA 1989); Wright v. Yurko, 446 So.2d 1162, 1164 (Fla. 5th DCA 1984). Torts such as perjury, libel, slander, and other actions based on statements made in connection with a judicial proceeding are not actionable. See Levin. The question, of course, is how the defense of immunity may be raised and tested.
Generally, immunity is an affirmative defense that should be pled by the party asserting it, and which may thereafter be considered after the facts are fleshed out by summary judgment or trial. There may, however, be exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint, in which case the defense may be raised by motion to dismiss. See, e.g., Kirvin v. Clark, 396 So.2d 1203 (Fla. 1st DCA 1981). The defense is analogous to a statute of limitations defense. A limitations defense is generally raised affirmatively in an answer or other responsive pleading, but may be asserted in a motion to dismiss if its applicability is demonstrated on the face of the complaint or exhibits. See Koehler v. Merrill Lynch & Co., Inc., 706 So.2d 1370 (Fla. 2d DCA 1998); S.A.P. v. Dept. of Health & Reh. Servs., 704 So.2d 583, 584 (Fla. 1st DCA 1997).
In applying these principles to the present controversy, we begin, as we must, by examining only the complaint, and we take as true all well-pleaded facts contained in it. See Kirvin. We conclude that if the alleged defamatory language in the present case is subject to the litigation privilege,[1] the application of that privilege is not disclosed by the allegations within the confines of Mr. Fariello's complaint. Immunity, therefore, may not be raised in this case by a motion to dismiss.
As a back-up position, the trial court also concluded that if absolute immunity did not apply, then Mr. Gavin and the Association were at least conditionally immune. Once again, however, the affirmative defense of qualified immunity presents a fact intensive issue that should ordinarily not be resolved by a motion to dismiss. See Schreidell v. Shoter, 500 So.2d 228 (Fla. 3d DCA 1987); Riggs v. Cain, 406 So.2d 1202, 1203 (Fla. 4th DCA 1981). Mr. Fariello's complaint does not reflect on its face whether the defense applies or not.
Accordingly, we affirm the dismissal with prejudice with respect to all appellees, except Mr. Gavin and the Association. We reverse the order dismissing the complaint *1246 with prejudice in favor of Mr. Gavin and the Association, and remand for further proceedings not inconsistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] We take no position at this time regarding whether the litigation privilege applies to either or both alleged defamatory events.