958 So.2d 437 (2007)
Richard S. ROSS, Appellant,
v.
Dr. Diane BLANK, Appellee.
No. 4D06-2712.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Rehearing Denied May 11, 2007.
*439 Richard S. Ross, Fort Lauderdale, pro se.
Anne C. Sullivan and Miriam R. Merlo of Gaebe, Mullen, Antonelli, Esco & DiMatteo, Coral Gables, for appellee.
SHAHOOD, J.
Richard S. Ross ("appellant") appeals (1) the trial court's order and final judgment granting final summary judgment in favor of Dr. Diane Blank ("Blank") on Count I of Ross's Second Amended Complaint, (2) the trial court's order granting Blank's Motion for Sanctions pursuant to section 57.105, Florida Statutes, and (3) the trial court's order denying appellant's motion for in camera inspection of certain documents.
This case stems from the dissolution of appellant's marriage. The wife met with Blank, a practicing psychologist, several times in connection with the divorce proceeding. On one occasion, the wife took the older of the couple's two daughters with her. The wife asked the daughter to discuss with Dr. Blank the situation of the older daughter showering with appellant. The wife also brought the couple's younger daughter with her to see Blank at a different counseling session.
Appellant learned about the counseling session between Blank and his older daughter. He contacted Blank to find out what had transpired. On May 21, 2002, appellant met briefly with the wife, the older child, and Blank.
Blank subsequently consulted Dr. William Samek, a colleague with whom she was not previously familiar, for guidance about her reporting responsibilities to the Department of Children and Families ("DCF") regarding suspected sexual abuse. Blank presented the suspected abuse situation to Dr. Samek in the form of a hypothetical, but with the understanding it was an actual case she was working. Dr. Samek was of the opinion there was sufficient evidence to suspect the possibility of child abuse by the father against the daughter. Blank made a report to DCF of a possible threat of harm regarding appellant.
Appellant sued Blank for defamation per se and negligence. Appellant alleged that Blank's failure to report any suspected abuse to DCF from March 19, 2002, to June 10, 2002, coupled with Blank's admission that she knew she had a duty to report suspected abuse, was evidence that Blank did not in fact suspect appellant had committed child abuse. Appellant claimed that Blank filed the DCF report in retaliation for appellant having her banned from further involvement with the children as psychological counselor in the divorce proceeding. Appellant alleged that Blank knew his wife's allegations were not reportable because she was informed of this by DCF, that the reporting was made maliciously for the purpose of hurting him, and that the reporting caused him mental anguish, torment, and humiliation.
Blank filed a motion for summary judgment in which she argued that her statements were made in accordance with the mandatory reporting requirements imposed on her by section 39.201(1), Florida Statutes, and that statements made in compliance therewith are immune from civil liability pursuant to section 39.203(1)(a), Florida Statutes. The motion also argued that the other allegedly defamatory statements made by Blank fell under the litigation privilege because they were made in the course of legal proceedings. As to appellant's negligence claim, the motion argued that Blank owed no duty to appellant because he was not her patient. The trial court granted Blank's motion for summary judgment as to the defamation claim and denied the motion as to the *440 negligence claim. Appellant later voluntarily dismissed the negligence claim.
Blank also filed a motion for attorney's fees against appellant under section 57.105, Florida Statutes. The motion alleged that appellant was aware it was Blank's duty to report the suspected abuse, that appellant had no evidence that any defamatory statement was ever made to Dr. Samek, and that appellant was aware he was not a patient of Blank sufficient to satisfy the duty for malpractice. The motion sought sanctions against appellant for filing a frivolous suit. The trial court granted this motion as to the defamation claim and ordered that a hearing to determine the amount of fees and costs would be set at a later date.
Appellant filed a motion for relief from the court's order for sanctions and the summary judgment on the defamation count. He argued that Blank could still be liable for defamation despite having a duty to report suspected abuse to DCF. Appellant further requested that the court conduct an in camera review of the DCF report filed by Blank. The court declined appellant's request to inspect the DCF report in camera.
Section 39.201, Florida Statutes, sets out the mandatory reporting requirement for suspected child abuse. The statute names a non-exclusive list of professions such as physicians, teachers, and law enforcement officers, and requires that any of them "who knows, or has reasonable cause to suspect, that a child is abused, abandoned, or neglected by a parent, legal custodian, caregiver, or other person responsible for the child's welfare shall report such knowledge or suspicion to the department. . . ." § 39.201, Fla. Stat. (2002). Section 39.203(1)(a), Florida Statutes (2002), provides immunity from liability in connection with such reporting:
Any person, official, or institution participating in good faith in any act authorized or required by this chapter, or reporting in good faith any instance of child abuse, abandonment, or neglect to the department or any law enforcement agency, shall be immune from any civil or criminal liability which might otherwise result by reason of such action.
The First District recently decided the similar case of Urquhart v. Helmich, 947 So.2d 539 (Fla. 1st DCA 2006). In Urquhart, a child's parents sued a doctor for intentional infliction of emotional distress. Id. at 540. The parents alleged that the doctor reported the child's injury to state authorities as possibly caused by abuse or neglect in order to spite the parents for arguing with her about the infant's care. Id. at 541. The doctor moved for summary judgment and provided affidavits from several other doctors stating that under the circumstances she had a duty to report the injury. Id. In opposition to summary judgment, the Urquharts argued that the doctor's alleged anger and desire to refute one of their explanations for the child's injury provided disputed factual issues about the doctor's motive. Id. The trial court found the doctor was immune from civil liability as a matter of law and granted summary judgment in her favor. Id.
In examining the relationship between the mandatory reporting requirement of section 39.201 and the grant of immunity provided to those who make a report by section 39.203, the First District drew a distinction between the immunity provided to an ordinary citizen who makes a report and a doctor who reports possible abuse discovered in the course of treatment. Id. at 542. The court found that the doctor's feelings about the suspected abuser are irrelevant because the report is required by law. Id. The court rejected a reading *441 of the statutes that "would lead to a conclusion that the legislature had exposed a doctor to civil liability for doing nothing more than what it has required the doctor to do under penalty of law." Id.
Like the parents in Urquhart, appellant alleged malicious motive on the part of a health professional who reported suspected abuse to DCF. The triable issues of fact that appellant claims exist are insufficient to avoid summary judgment for the same reason as those advanced by the Urquharts: if a reasonable basis existed for Blank to report suspected abuse, her motives in doing so were irrelevant because she was required to report by the statute. The record supports the trial court's finding that Blank had a reasonable basis to suspect abuse under these circumstances. Blank's affidavit states that in the spring of 2002 she was informed by appellant's wife that appellant showered with one of the daughters and kept naked pictures of the daughters on his desk and in his car.
Appellant also claimed defamation for statements Blank allegedly made to two individuals: Dr. Martha Jacobsen, the psychologist who was the court-appointed custodial evaluator in the custody dispute; and Catherine Roselli, the guardian ad litem. Blank allegedly told Dr. Jacobsen that appellant met the criteria for a pedophile. Blank allegedly told Roselli that appellant was a pedophile or sexual abuser. Appellant's argument on this point is without merit due to the litigation privilege. "[S]tatements made `in connection with' or `in the course of' an existing judicial proceeding are protected by absolute immunity, even if they are not necessarily made in court or under oath." Fariello v. Gavin, 873 So.2d 1243, 1244 (Fla. 5th DCA 2004); see also Stucchio v. Tincher, 726 So.2d 372, 374 (Fla. 5th DCA 1999). The falsity or maliciousness of the alleged statements is irrelevant to this analysis. Id. The statements were absolutely privileged as made in the course of litigation. Appellant has failed to demonstrate the trial court erred in granting summary judgment of his defamation claim.
As his second issue, appellant contends that the trial court abused its discretion in sanctioning him under section 57.105, Florida Statutes. We find that this issue is not ripe for appellate review because the trial court did not fix the amount of fees to be paid and explicitly contemplated another hearing for that purpose. See Boyce v. Cluett, 672 So.2d 858, 860 (Fla. 4th DCA 1996); Winkelman v. Toll, 632 So.2d 130, 131-32 (Fla. 4th DCA 1994). We dismiss the appeal from the sanction order as premature, but also note that the order contains no finding that appellant's defamation claim lacked any factual or legal support. See Russo & Baker, P.A. v. Fernandez, 752 So.2d 716, 717 (Fla. 3d DCA 2000)(reversing attorney's fee award where trial court's order failed to contain finding of complete absence of justiciable issue of law or fact).
Finally, appellant claims the trial court abused its discretion by failing to conduct an in camera review of a DCF report. Appellant argued that the report contained an admission by Blank that she actually did not suspect appellant abused his children. Appellant believes that the report is relevant to determination of his defamation claim.
The standard of review of the trial court's decision not to conduct an in camera inspection of the DCF report is whether the trial court abused its discretion. Elders v. State, 849 So.2d 331, 332 (Fla. 2d DCA 2003). Section 39.202, Florida Statutes, governs confidentiality of reports and records in cases of child abuse or neglect. *442 That statute allows a trial court to review a DCF report in camera "upon its finding that access to such records may be necessary for the determination of an issue before the court." § 39.202(f), Fla. Stat. (2005).
Having found that Blank was required to report the suspected abuse regardless of her motive, there was no issue to be determined by the court which would have required review of the report. The trial court did not abuse its discretion in refusing to examine the DCF report in camera.
Affirmed in part, Dismissed in part.
KLEIN, J., and REYES, ISRAEL U., Associate Judge, concur.