WARNER, J.
 

 The appellants, who are licensees pursuant to a franchise agreement, appeal the dismissal of their claims for defamation. They alleged that the licensor made defamatory statements regarding them on the licensor’s website. The court found that the statements were made in connection with a pending lawsuit and protected by the litigation privilege. We hold that statements made on a party’s website are not protected by the litigation privilege. We reverse.
 

 The plaintiffs (the Balls, the Coffeys and the Rosenblums) executed license agreements with the defendants, D’Lites Enterprises and Gerald Corsover, to sell frozen dietary ice cream products. According to the plaintiffs, they were induced to enter into these agreements by representations about the nutritional content, and low caloric values of the ice cream, and were told these “light” products could be sold to diabetics. D’Lites supplied the product for the ice cream, but the plaintiffs found that it was virtually impossible for them to meet the nutritional requirements promised to them using D’Lites goods. They requested that the defendants modify the formula but the defendants declined to do so. Without a product as promised, the plaintiffs sued the defendants for various causes of action over their agreement, including claims for breach of contract and fraud in the inducement.
 
 [1]
 

 After the plaintiffs filed suit against the defendants, the defendants placed warnings to the public on their website stating that plaintiffs had violated certain trademarks. A memorandum on the defendants’ website stated that the plaintiffs were selling products and labeling them as D’Lites when they actually were not. The defendants’ website stated that “you need to know the product they are passing off as D’Lites Emporium ice cream is in fact a hoax.” The plaintiffs filed a motion for injunctive relief seeking to compel the removal of the comments on the website. The trial court denied the injunctive relief.
 

 The plaintiffs then filed an amended complaint alleging defamation by the defendants. The defendants moved to dismiss, claiming that the statements were protected by the litigation privilege which provides absolute immunity regarding any act in the course of a judicial proceeding, regardless of whether the act involved a defamatory statement or other tortious behavior, so long as the act had some relation to the proceeding, citing
 
 Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,
 
 689 So.2d 606 (Fla.1994). The court found that the statements on the website were directly related to the litigation and thus were absolutely immune. The court dismissed the defamation cause of action, prompting this appeal.
 

 A ruling on a motion to dismiss for failure to state a cause of action is an issue of law, reviewed de novo.
 
 See Regis Ins. Co. v. Miami Mgmt., Inc.,
 
 902 So.2d 966, 968 (Fla. 4th DCA 2005). Whether allegedly defamatory statements are covered under absolute privilege is a question of law to be decided by the court.
 
 See Resha v. Tucker,
 
 670 So.2d 56, 59 (Fla.
 
 *639
 
 1996);
 
 Cassell v. India,
 
 964 So.2d 190, 193 (Fla. 4th DCA 2007).
 

 Immunity for statements made during a judicial proceeding has a long legal history, as noted in
 
 Levin.
 
 There, the court reviewed the origins of the doctrine.
 

 Traditionally, defamatory statements made in the course of judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry.
 
 Fridovich v. Fridovich,
 
 598 So.2d 65 (Fla. 1992). Consequently, the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable.
 
 Wright v. Yurko,
 
 446 So.2d 1162 (Fla. 5th DCA 1984). The immunity afforded to statements made during the course of a judicial proceeding extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well.
 
 Fridovich; Cox v. Klein,
 
 546 So.2d 120 (Fla. 1st DCA 1989);
 
 Wright.
 

 This absolute immunity resulted from the balancing of two competing interests: the right of an individual to enjoy a reputation unimpaired by defamatory attacks versus the right of the public interest to a free and full disclosure of facts in the conduct of judicial proceedings.
 
 Fridovich.
 
 In determining that the public interest of disclosure outweighs an individual’s right to an unimpaired reputation, courts have noted that participants in judicial proceedings must be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim.
 
 Id.; Sussman v. Damian,
 
 355 So.2d 809 (Fla. 3d DCA 1977). Although the immunity afforded to defamatory statements may indeed bar recovery for bona fide injuries, the chilling effect on free testimony would seriously hamper the adversary system if absolute immunity were not provided.
 
 Wright.
 

 Levin,
 
 639 So.2d at 607-08. The issue presented in this case is whether the statements by a party on its commercial website constituted a statement made in connection with judicial proceedings. We hold that it does not.
 

 Recently, we confronted the scope of the
 
 Levin
 
 ruling in
 
 DelMonico v. Traynor,
 
 50 So.3d 4 (Fla. 4th DCA 2010),
 
 rev. granted
 
 47 So.3d 1287 (Fla.2010). There, a defense attorney interviewing a witness made allegedly defamatory statements regarding the plaintiff. The interview was outside of a court proceeding. The majority held that the attorney was entitled to absolute immunity because he was acting as defense counsel in the underlying litigation when interviewing a witness in the dispute. While the majority and dissent split on the scope of the immunity, even the majority limited immunity to statements made in connection with the judicial process itself, such as interviewing witnesses, obtaining discovery, settlement negotiations, and the like.
 

 We analogize the publication of statements on the internet to calling a press conference with the media or otherwise publishing defamatory information to the newspapers or other media. Other courts have considered the issue of whether statements to a newspaper or other media are made in connection with a judicial proceeding. In
 
 Buckley v. Fitzsimmons,
 
 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), the Supreme Court held that a prosecutor was not entitled to absolute judicial immunity for making defamatory statements at a press conference regarding a criminal prosecution, because comments to the press do not have any
 
 *640
 
 functional tie to a judicial proceeding. A footnote further explained the limits of absolute immunity:
 

 “[Absolute immunity] does not apply to or include any publication of defamatory matter before the commencement, or after the termination of the judicial proceeding (unless such publication is an act incidental to the proper initiation thereof, or giving legal effect thereto);
 
 nor does it apply to or include any publication of defamatory matter to any person other than those to whom, or in any place other than that in which, such publication is required or authorized by law to be made for the proper conduct of the judicial proceedings.”
 
 Veeder, Absolute Immunity in Defamation: Judicial Proceedings, 9 Colum. L. Rev. 463, 489 (1909) (footnotes omitted). See,
 
 e.g., Viosca v. Landfried,
 
 140 La. 610, 615, 73 So. 698, 700 (1916);
 
 Youmans v. Smith,
 
 153 N.Y. 214, 220-223, 47 N.E. 265, 267-268 (1897). See also G. Bower, Law of Actionable Defamation 103, n.
 
 h,
 
 104-105 (1908).
 

 Buckley,
 
 509 U.S. at 277 n. 8, 113 S.Ct. 2606 (emphasis supplied). The prosecutor was entitled only to qualified immunity.
 

 In
 
 Pratt v. Nelson,
 
 164 P.3d 366 (Utah 2007), the Utah Supreme Court similarly held that statements to newspapers regarding pending litigation were not subject to protection under the judicial proceeding privilege. The court agreed with similar statements of both the Arizona Supreme Court in
 
 Green Acres Trust v. London,
 
 141 Ariz. 609, 688 P.2d 617 (1984) and the Eighth Circuit in
 
 Asay v. Hallmark Cards, Inc.,
 
 594 F.2d 692 (8th Cir.1979). The court also cited Prosser & Keeton on Torts § 114, 816-20 (5th ed. 1984) for the propositions that “[a]bsolute immunity has been confined to very few situations where there is an obvious policy in favor of permitting complete freedom of expression” such as a judicial proceeding and that, although a judicial proceeding “has not been defined very exactly,” it “is clear ... that statements given to the newspapers concerning the case are no part of a judicial proceeding, and are not absolutely privileged.” 164 P.3d at 379 n. 83.
 
 Pratt
 
 explained “that the press generally lack a connection to judicial proceedings sufficient to warrant an extension of the judicial privilege to statements made by parties to the press.”
 
 Id.
 
 at 380. It found that such statements did not further the purpose of judicial proceedings:
 

 Statements made and distributed to the press concerning pending or ongoing litigation do little, if anything, to promote the truth finding process in a judicial proceeding. Further, statements made to the press do not generally encourage open and honest discussion between the parties and their counsel in order to resolve disputes; indeed, such statements often do just the opposite.
 

 Id.
 
 at 381.
 
 See also Bochetto v. Gibson,
 
 580 Pa. 245, 860 A.2d 67 (Pa.2004) (attorney’s transmittal of complaint to freelance reporter was an extrajudicial act that occurred outside of the regular course of the judicial proceedings and thus judicial privilege did not apply to provide attorney with absolute immunity in defamation action);
 
 Kennedy v. Zimmermann,
 
 601 N.W.2d 61 (Iowa 1999) (counsel’s statements to reporter in course of interview were not protected by absolute privilege for statements made by attorneys in connection with judicial proceedings);
 
 contra Daystar Residential, Inc. v. Collmer,
 
 176 S.W.3d 24 (Tex.App.2004) (attorney who calls press conference prior to filing suit was protected by absolute immunity).
 

 
 *641
 
 Our court has ruled contrary to the majority rule in one limited context. In
 
 Stewart v. Sun Sentinel Co.,
 
 695 So.2d 360 (Fla. 4th DCA 1997), we held that an attorney’s delivery of a copy of a notice of claim to a reporter, which notice was a required filing prior to instituting suit, was protected by absolute immunity. We cited to
 
 Ange v. State,
 
 98 Fla. 538, 541, 123 So. 916, 917 (1929), for the proposition that the privilege extends to statements in judicial proceedings or those “necessarily preliminary thereto.” In
 
 Ange,
 
 however, the privileged statement was one made to the county judge in order to obtain a judicial warrant from the judge. Therefore, the statement was “necessarily preliminary” to the issuance of the warrant. The statement itself was part of the judicial process. In contrast, publication to a newspaper is not “necessary” to a judicial proceeding.
 

 Also, in
 
 Ross v. Blank,
 
 958 So.2d 437 (Fla. 4th DCA 2007), we held that a psychologist involved in a divorce proceeding was permitted absolute immunity for allegedly defamatory statements she made regarding the husband to the court appointed psychologist involved in the custody dispute and to the guardian ad litem. While these statements were not made during judicial proceedings, both recipients of the statements were participants in the judicial proceedings.
 

 Nevertheless, at most
 
 Stewart
 
 finds the publication of the complaint or those documents which would be public records when filed in court would be covered by the judicial absolute immunity, because these documents
 
 are
 
 part of the judicial proceeding. And
 
 Ross
 
 extends the privilege to participants in the proceeding when the subject of the statements is relevant to the participant’s role in the proceeding.
 

 In contrast, the website publication in this case was not made in connection with the judicial proceeding. It was not made in the proceedings itself, nor was it made to a participant connected to the proceeding such as a witness. Like statements to the newspapers or press conferences, these statements have no part in the judicial proceedings. Instead, they were made to the world at large through the website and accused the plaintiffs of fraud and perpetrating a hoax on the public. These statements were not “necessarily preliminary” to judicial proceedings, because unlike either
 
 Ange
 
 or
 
 Stewart
 
 the statements were not steps in the judicial process.
 

 The judicial proceeding immunity should not be extended to such publications, because it does nothing to enhance policy behind the privilege which is to provide free and full disclosure of facts in a judicial proceeding. It is not communication directed to participants which must remain unhindered by fear of civil lawsuits. Instead, it most likely does just the opposite, and information relevant to lawsuits may be less likely to be shared for fear that it will be posted on the internet.
 

 The website statements are not protect ed by absolute immunity given to statements made in judicial proceedings. Therefore, we reverse the partial final judgment and order the reinstatement of the plaintiffs’ defamation claim.
 

 Appellants also raise the dismissal of another count in their complaint. However, other pending counts relate to the dismissed count. An order dismissing some counts of a complaint, but leaving others pending, is not appealable if the remaining counts require proof of the same facts necessary to establish the counts which were dismissed.
 
 See Pelle-grino By and Through Pellegrino v. Horwitz,
 
 642 So.2d 124 (Fla. 4th DCA 1994).
 
 *642
 
 We therefore do not address the remaining issue raised by the appellants.
 

 TAYLOR and DAMOORGIAN, JJ„ concur.
 

 [1]
 

 . While most of these claims remain pending, we conclude that the defamation claim is separate and distinct, not arising from the same core facts involving the other claims. Therefore, we have jurisdiction to consider this claim pursuant to Florida Rule of Appellate Procedure 9.110(k).