PER CURIAM.
Appellant, Bradley Randazzo, appeals a final order denying his “Motion to Strike and Motion for Default Judgment or Sanctions” and granting the “Motion to Dismiss — Witness Immunity” filed by Appel-lee, Robin Ackerman Fayer. Appellant raises two issues on appeal, only one of which merits discussion. He contends that the trial court erroneously granted Appel- *165 lee’s motion to dismiss. We agree and therefore reverse as to the dismissal.
Appellant filed a “Civil Complaint For Slander False Accusation And Liable Or Defamation of Character” against Appel-lee, alleging in part that Appellee made a phone call to his prison classification officer and falsely and maliciously reported that Appellant was writing letters to her in an attempt to extort money. Appellant further alleged in his complaint that Ap-pellee was a material witness against him during his murder prosecution more than twenty years ago, at which proceeding she was granted immunity. Appellee filed a “Motion to Dismiss — Witness Immunity,” arguing that the suit was barred by the privilege of absolute immunity. Appellant filed a “Motion to Strike and Motion for Default Judgment or Sanctions.” The trial court denied Appellant’s motion to strike and motion for default judgment or sanctions and granted Appellee’s motion to dismiss. This appeal followed.
We review an order granting a motion to dismiss de novo. Fullerton v. Fla. Med. Ass’n, Inc., 938 So.2d 587, 590 (Fla. 1st DCA 2006). Upon examining Appellant’s complaint and taking all well-pled facts as true, we find that it was improper to raise the affirmative defense of absolute immunity in a motion to dismiss because its applicability is not “clearly apparent on the face of the complaint.” See Fariello v. Gavin, 873 So.2d 1243, 1245 (Fla. 5th DCA 2004) (explaining that immunity is “a fact intensive issue” that may be raised in a motion to dismiss only in “exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint.”); Kirvin v. Clark, 396 So.2d 1203, 1204 (Fla. 1st DCA 1981) (concluding that even if absolute privilege applied, it was improper to raise the defense in a motion to dismiss because its applicability “[was] not disclosed by the allegations”). It is not clear from the four corners of Appellant’s complaint that the defense of absolute immunity applies to the allegedly defamatory statement Appel-lee made to Appellant’s classification officer regarding the letters she had received. Nor can we determine from the complaint that Appellee’s allegedly defamatory statement was made in the course of an ongoing judicial or quasi-judicial proceeding and was related to the subject of inquiry. See DelMonico v. Traynor, 116 So.3d 1205 (Fla.2013); Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla.1992).
Accordingly, we affirm the denial of the “Motion to Strike and Motion for Default Judgment or Sanctions” and reverse as to the granting of the “Motion to Dismiss— Witness Immunity.”
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
LEWIS, C.J., BENTON and WETHERELL, JJ., concur.