DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERTO ESTAPE,**
Appellant,

v.

**STANLEY B. SEIDMAN PH.D.,** individually, and
**STANLEY B. SEIDMAN, PH.D, P.A.,** a Florida corporation,
Appellees.

No. 4D17-3336

[April 24, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez-Powell,; L.T. Case No. 12-25519(3).

Max R. Price of the Law Offices of Max R. Price, P.A., Miami, for appellant.

John W. Mauro and Scott C. Cochran of Billing, Cochran, Lyles, Mauro & Ramsey, P.A., Fort Lauderdale, for appellees.

WARNER, J.

Roberto Estape appeals a summary final judgment entered on his claims of negligence and breach of fiduciary duty against appellee, Dr. Stanley Seidman, a psychologist. In a contested dissolution of marriage proceeding, Estape and his wife agreed to use Dr. Seidman as a reunification therapist for their children, and the court approved their agreement. Estape contends that he had a psychologist-patient relationship with Dr. Seidman, evidenced by a document that the doctor had him sign. He asserts that any communications between them were required by statute to be confidential, but the doctor breached that confidentiality, causing Estape damage. Dr. Seidman claimed that because the communications occurred within the litigation, he was entitled to absolute immunity based upon the litigation privilege, and the trial court agreed. We reverse, finding that the statutory grant of confidentiality prevails over the litigation privilege, a common law doctrine, and there remains a question of fact as to the existence of the psychologist-patient relationship.

During the dissolution of marriage proceedings, Estape was prevented from seeing his children. The children saw two psychologists, and after a time, the psychologists concluded that reunification with the father should occur. The parties agreed to the commencement of a visitation schedule and that Dr. Seidman would serve as the reunification therapist. Few instructions were included in the agreement announced in court, other than that the children were to have two sessions with Dr. Seidman prior to the first unsupervised visitation, which was already scheduled. In addition, Dr. Seidman, together with the children's psychologists, could determine whether each child should have a vacation with their father without the other child. The court refused to make any determination other than to adopt the agreement of the parties. The order entered by the trial court simply states: "The Court adopts the Agreement on temporary children's access issues and related issues as contained in the transcript of the hearing on May 2, 2011, as an Order of the Court, which is attached hereto as Exhibit '1.'" It does not name Dr. Seidman in the order.

After one short session with Estape, and a session with the children, Dr. Seidman sent an email to the children's guardian ad litem, objecting to the first scheduled visitation on the grounds that he had not had the time to perform a sufficient evaluation and that the children were apprehensive about seeing their father. He also related some information conveyed to him by Estape during his short session with him. As a result, the mother moved to stay the scheduled visitation, and it did not occur. More proceedings involving visitation ensued, preventing Estape from seeing his children.

Estape eventually filed a complaint against Dr. Seidman, alleging causes of action for breach of fiduciary duty and negligence. The gravamen of the breach of fiduciary duty claim was that Dr. Seidman had communicated to the guardian ad litem material which Estape claimed was privileged under the psychotherapist-patient doctrine. *See Gracey v. Eaker*, 837 So. 2d 348, 353-55 (Fla. 2002) (finding that the wrongful disclosure of confidential information by a psychotherapist constitutes a breach of a fiduciary duty). The negligence count was also based upon Estape's claim that Dr. Seidman communicated to the guardian ad litem without following standard practices for psychologists.

Dr. Seidman moved for summary judgment. He alleged that he was a court-appointed reunification therapist and, as such, protected by absolute immunity for statements made during the judicial proceeding.

In response, Estape set forth evidence that he had entered into a psychologist-patient relationship with the doctor. He pointed to a form

that he signed when he appeared at Dr. Seidman's office for his first session. That form included a confidentiality statement as follows:

> Information shared with a psychologist is kept strictly confidential and is not disclosed without your written provision. However, confidentiality is not guaranteed in cases of (a) danger to yourself others (e.g., homicide or suicide), or (b) situations [in] which children are endangered (e.g., sexual or physical abuse or neglect).

The form also provided for Informed Consent:

> I have read and understood the preceding statements, have had the opportunity to ask questions about them, and agreed to begin *treatment* at Associates In Behavioral Counseling.

(emphasis added).[1] The court granted the motion for summary judgment, and after denying a motion for rehearing, it entered final judgment in favor of the doctor, which prompted this appeal.

We review a final summary judgment de novo, recognizing that it should be granted only when there is a complete absence of genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Fini v. Glascoe*, 936 So. 2d 52, 54 (Fla. 4th DCA 2006). Whether the absolute immunity privilege applies is a question of law to be decided by the court. *See Ball v. D'Lites Enters., Inc.*, 65 So. 3d 637, 638 (Fla. 4th DCA 2011).

"The law in Florida has long been that defamatory statements made in the course of judicial proceedings are absolutely privileged, and no cause of action for damages will lie, regardless of how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." *Fridovich v. Fridovich*, 598 So. 2d 65, 66 (Fla. 1992). "The immunity afforded to statements made during the course of a judicial proceeding extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). As noted in *Myers v. Hodges,* 44 So. 357, 360 (Fla. 1907), however, the absolute immunity for statements in judicial proceedings arose from the common law of England. By statute, the common law is the law of this

---

[1] In addition, both parties referenced a deposition of Dr. Seidman, but the deposition was not made part of the record.

3

state, but *only to the extent that it is not inconsistent with the acts of the legislature.  See* § 2.01, Fla. Stat. (2016).

Section 490.0147, Florida Statutes (2012), provides that communications between a psychotherapist and patient are confidential, but the statute establishes circumstances where the privilege may be waived:

> Any communication between any person licensed under this chapter and her or his patient or client shall be confidential. This privilege may be waived under the following conditions:
>
> (1) When the person licensed under this chapter is a party defendant to a civil, criminal, or disciplinary action arising from a complaint filed by the patient or client, in which case the waiver shall be limited to that action.
>
> (2) When the patient or client agrees to the waiver, in writing, or when more than one person in a family is receiving therapy, when each family member agrees to the waiver, in writing.
>
> (3) When there is a clear and immediate probability of physical harm to the patient or client, to other individuals, or to society and the person licensed under this chapter communicates the information only to the potential victim, appropriate family member, or law enforcement or other appropriate authorities.

The first principle of statutory interpretation is that statutes must be interpreted in accordance with their plain meaning.  *See Acosta v. Richter,* 671 So. 2d 149, 153 (Fla. 1996).  Here, it is clear that the statute establishes the confidentiality of psychotherapist communications and very limited means of waiving that privilege.  This is also consistent with the legislative intent expressed in section 490.002, Florida Statutes, that "in order to preserve the health, safety, and welfare of the public, the Legislature must provide privileged communication for members of the public or those acting on their behalf to encourage needed or desired psychological services to be sought out."

None of the grounds for waiver set forth in the statute apply to the communications made by Dr. Seidman in the dissolution case.  The first section does not apply because he was not a party in that proceeding. Second, Estape provided no written waiver, nor was any waiver provided by any of the other family members.  Finally, there is no evidence in this record of the potential for physical harm to any persons.  Therefore, if

Estape was a patient of Dr. Seidman, his communications with him were entitled to confidentiality according to the statute.

The assertion of a right to disclose communications pursuant to a litigation privilege would add another exception to the statutory grant of confidentiality, which would be inconsistent with the plain meaning of the statute. Therefore, the common law privilege must give way. *See* § 2.01, Fla. Stat. We hold that absolute immunity for communications during judicial proceedings does not provide immunity to a psychotherapist for revealing communications regarding a patient contrary to section 490.0147.

There remains the question of whether Estape was a patient of Dr. Seidman, so that psychotherapist-patient confidentiality applies. Estape points to the document provided by Dr. Seidman and signed by Estape, agreeing to *treatment* by Dr. Seidman and stating that his communications would be kept confidential. Dr. Seidman, on the other hand, contends that he was appointed by the court and did not have a psychotherapist-patient relationship. A very material question of fact remains.

Provisions of both Chapter 61, Florida Statutes (2012), as well as administrative regulations regarding psychotherapists, show that the legislature did not intend that absolute immunity apply any time a court appoints a therapist in dissolution of marriage proceedings. For instance, under section 61.122, Florida Statutes (2012), regarding the establishment of a parenting plan, a psychologist who is appointed to develop a plan, including a time-sharing arrangement, is presumed to be acting in good faith. The statute allows a parent, who desires to sue a psychologist over the parenting plan recommendations, to petition the court to replace the challenged psychologist, but it also provides for the award of attorney's fees to either the psychologist or the parents, depending on which party prevails. A parent may have to overcome the presumption of good faith, but the statute clearly allows litigation and does not provide for absolute immunity for the psychologist. Furthermore, section 61.125, Florida Statutes (2012), authorizes the appointment of a parenting coordinator, whose purpose is to assist parents in dispute resolution over parenting plans. Section 61.125(7) contains an express confidentiality provision for communications between the parenting coordinator, who could be a licensed therapist, and the parties. However, section 61.125(9) provides for a limitation of liability for a coordinator, unless the coordinator acts in bad faith or reckless disregard for the rights of the parties.

Further, even if the therapist is court-appointed, pursuant to Rule 64B19-19.006 of the Florida Administrative Code, regarding confidentiality with respect to psychotherapists, the psychotherapist performing the evaluation is required to explain to the person being evaluated the limits of confidentiality:

> (2) In cases where an evaluation is performed upon a person by a psychologist for use by a third party, the psychologist must explain to the person being evaluated the limits of confidentiality in that specific situation, document that such information was explained and understood by the person being evaluated, and obtain written informed consent to all aspects of the testing and evaluative procedures.

As to Dr. Seidman's appointment, we have no explanation of what his duties as a "reunification therapist" were to be. This term is not used in the statute. The mere designation of Seidman as a therapist by court-approved agreement, provides little for us to evaluate in order to determine what type of relationship was intended. Unlike a court appointment of an expert to assist the court in evaluating custody or other matters in dissolution proceedings, it does not appear in this record that any reports were to be made to the court itself. Therefore, we cannot conclude as a matter of law that Dr. Seidman had absolute immunity under the circumstances of this case.

Dr. Seidman points to this court's decision in *Ross v. Blank*, 958 So. 2d 437 (Fla. 4th DCA 2007) as supporting his claim of absolute immunity. *Ross*, however, is distinguishable, as it did not involve a psychotherapist-patient relationship. There, in divorce proceedings, a wife and her daughters saw Blank, a psychologist. *Id.* at 439. During those sessions, Blank learned information regarding Ross, the father, which suggested to her the potential of child sexual abuse. *Id.* After consulting with others, she reported Ross to the Department of Children and Families. *Id.* Ross sued Blank for defamation, both with respect to the report to DCF and other communications made by Blank during the course of the divorce proceedings, as well as negligence. *Id.* Blank moved for summary judgment as to all claims asserted, and as to those allegedly defamatory statements made during the divorce proceedings, Blank claimed absolute immunity based upon the litigation privilege. *Id.* The trial court granted the motion, entering judgment against Ross. *Id.* at 439-40. On appeal, we agreed that the statements made by the psychologist to the court-appointed custody evaluator, and also to the guardian ad litem, were protected by the litigation privilege. *Id.* at 441. Blank, however, did not

6

have a psychotherapist-patient relationship with Ross, the father. Therefore, it is inapplicable to the issue presented in this case.

For the foregoing reasons, we reverse the final summary judgment entered by the trial court. There exist material issues of fact as to whether a psychotherapist-patient relationship existed between Estape and Dr. Seidman or whether other statutes applied which would preclude the assertion of absolute immunity. Because the trial court's judgment exclusively involved the application of the litigation privilege, we do not determine whether the statements made constituted the communication of privileged information.

*Reversed and remanded for further proceedings.*

GROSS, J., and WEISS, DALIAH, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***