Gilbert *v.* The People.

---

## Gilbert *vs.* The People.

The privilege of parties, and of attorneys, solicitors and counsel, in respect to words or writing used in the course of judicial proceedings reflecting upon others, is limited to matter which is pertinent and material; and within that limit the protection is complete, and malice cannot be predicated of what is so said or written: but where a party, or an attorney, or counsel in such a proceeding goes out of the way to asperse and vilify another by words or writing not material or pertinent to the controversy, he is without protection, and is liable to be prosecuted as in other cases of slander or libel.

Where one acting as counsel for the plaintiff in a justice's court prepared and presented a declaration in an action of trespass for breaking the plaintiff's close and killing and otherwise injuring his sheep, in which, among other provoking expressions concerning the defendant, were inserted allegations that the defendant was " reputed to be fond of sheep, bucks and ewes, and of wool, mutton and lambs," and to be " in the habit of biting sheep," and it was added that " if guilty, he ought to be hanged or shot," it was held that an indictment charging such matter as libellous and alleging malice, was good on demurrer.

ERROR to the Columbia general sessions. The defendant was indicted in the oyer and terminer of that county for libel, and the indictment was sent to the sessions, where the defendant demurred; and the court gave judgment for the people.

The indictment set forth that a suit was commenced before a justice of the peace of that county by Hoot & Saulpaugh against Vosburgh, and that on the return day of the summons the defendant appeared as the attorney for Hoot & Saulpaugh, and thereupon wrote and published of and concerning Vosburgh "as and for a declaration for the said plaintiffs in the action aforesaid," a certain libel, which is then set out with the usual averments of malice, &c. It is in the form of a declaration with several counts, each containing provoking expressions respecting the defendant. Several of the counts are for breaking the plaintiffs' close and injuring their sheep. The two last embrace most of the peculiarities of the whole, and are in the following words, omitting the innuendoes. "Plaintiffs further declare against the defendant for this, to wit, that the said plaintiffs had a number of sheep in the county of Columbia, and that said defendant did, in the year 1843, *if ever*, bite and worry fifty of plaintiffs' sheep, after the said defendant had notice that *he, the defendant, was subject and accustomed to biting and worrying sheep, if such notice he had,* and the said plaintiffs say, that if defendant is guilty of any charge laid in plaintiffs' declaration, *the said defendant ought to be punished according to the custom and manner of punishing sheep-biting dogs,* as the plaintiffs have sustained great damage by the conduct of the defendant." "Plaintiff further declares against the defendant for this, to wit, that the said defendant *is reported to be fond of sheep, bucks and ewes, and of wool, mutton and lambs,* and that the defendant did undertake to chace, worry and bite plaintiffs' sheep; and with his snout, teeth and jaws did bite and injure plaintiffs' sheep, *as the said defendant is in the habit of biting sheep, by report,* to plaintiffs' damage in all fifty dollars; *and if defendant is guilty, he should and ought to be hanged or shot."*

The principal cause of demurrer was, that the alleged libel-

Gilbert *v.* The People.

lous matter was charged in the indictment to have been written and published in the course of a regular judicial proceeding.

*H. Hogeboom,* for the plaintiff in error.

*T. Miller,* district attorney, for the people.

*By the Court,* BEARDSLEY, J. Whatever may be sa'd or written by a party to a judicial proceeding, or by his attorney, solicitor or counsel therein, if pertinent and material to the matter in controversy, is privileged, and consequently lays no foundation for a private action or a public prosecution. The general language of elementary writers is, that whatever occurs in the regular course of justice is privileged, (*Hawk. P. C., B.* 1, *ch.* 73, § 8; 3 *Chit. Cr. Law,* 869; 1 *Saund.* 131 (1.); 1 *Russ. on Crimes,* 307; *Bac. Abr. Libel, A.* 4;) and by which they intend to indicate the principle I have stated. If what is said or written is pertinent and material to the controversy, the protection to parties and those who represent them, (for all stand on the same ground,) is absolute and unqualified, and no one shall be permitted to allege that it was done with malice. But this is the extent of the privilege; for if a party or his agent will pass beyond the prescribed limit to asperse and vilify another, by word or writing, he is without protection, and, as in other cases, must abide the consequences of his own misconduct. If slanderous words are used, he is a slanderer; and if he offends in writing, he is a libeller, and may be prosecuted both civilly and criminally as such. (*Hastings* v. *Lusk,* 22 *Wend.* 410; *Hodgson* v. *Scarlet,* 1 *Barn. & Ald.* 232; *Ring* v. *Wheeler,* 7 *Conn. R.* 725; *See also Thorn* v. *Blanchard,* 5 *John. R.* 508.)

This being the principle which must govern all cases of this character, it is only necessary to see how it applies to the one now before us. The alleged libellous matter was part of a declaration in a justice's court, which was prepared and presented to the justice by the plaintiff in error, who acted on that occasion as counsel for the plain-

tiffs in the cause. The action was trespass, for entering the close of the plaintiffs and taking and killing divers sheep, and for other alleged injuries to sheep, wool, sheepskins and mutton. Supposing the declaration in stating these grievances to be free from objection, it still had other statements and insinuations which could not but have been intended to stir up the passions of the defendant in that suit, and to make him an object of dark suspicion as well as of ridicule and contempt. The declaration alleged that the defendant was "reported to be fond of sheep, bucks and ewes, and of wool, mutton and lambs," and "in the habit of biting sheep;" and it was added that if guilty he "ought to be hanged or shot." These and other suggestions of the like character, to be found in this declaration, were in no respect relevant or material to the action, and obviously must have been thrown in to scandalize and annoy the defendant. What had the court to do with these alleged "reports" and "habits?" Certainly nothing. They could have no possible bearing on the issue to be tried, or the damages which might be assessed for the alleged trespass, although they might very well serve to irritate and disgrace the party who was charged to be the subject of such reports and habits. It would be lamentable if irrelevant, gratuitous and malicious attacks could be excused, because inserted in a declaration upon other and distinct causes of action, and with which the vituperative charges had no connection whatever. The demurrer admits that these charges and insinuations were false and malicious, and as they were in no sense pertinent to the action, they were libellous.

The judgment should be affirmed.