# N. Y. SUPERIOR COURT.

## SEYMOUR N. MARSH agt. EDWARD ELSWORTH and WILLIAM A. COURSEN.

*Words spoken or written in a judicial proceeding* by any person, attorney or party, having a duty to discharge, or an interest to protect, in respect to such proceedings, are *absolutely privileged*.

No action will lie for such speaking or writing, however *false, defamatory*, or malicious may be the words, provided the matter was *material* to the issue or inquiry before the court.

Where the speaking and writing of slanderous or libelous matter by one person of another, is *not material* or *pertinent* to the inquiry, he shall be held to answer in damages, unless he can satisfactorily show that he spoke or wrote the words in *good faith*, without malice, and having reasonable and probable cause to believe they were both *true and material*.

Therefore where words concededly defamatory, are spoken or written in *judicial proceedings*, and the speaker or writer claims them to be absolutely privileged, the *onus* is upon him to show, clearly that such defamatory matter was *material* to the issue or inquiry before the court.

A demurrer to a complaint, which alleges and charges libelous matter, on the ground that the complaint does not state facts sufficient to constitute a cause of action, admits the words of the libel to be wholly false and untrue; and if the defendant relies upon the libelous matter being *privileged*, as *material* to the issue pending in judicial proceedings stated in the complaint, the demurrer must fall, unless the defendant can show the *materiality* of the libelous words from the complaint, outside of, and irrespective of such libelous words alleged therein, as such words are admitted by the demurrer to be false.

*At General Term, January,* 1869.

*Before* MONELL, JONES and FITHIAN, *Justices.*

*Heard January* 7, 1869.

*Decided February* 12, 1869.

THIS is an action for libel. The complaint alleges in substance, that in a certain proceeding in bankruptcy, on the petition of George Cauldwell, a bankrupt, to be discharged from his debts, the defendant, Elsworth, appeared and opposed the bankrupt's discharge. That the matter was referred to Henry Wilder Allen, a register in bankruptcy; and an order was made for the examination of the bankrupt;

that on said examination of the bankrupt, defendant Elsworth, and defendant Coursen, acting as his attorney, called plaintiff as a witness, and he was sworn and examined as a witness in such proceeding, before such register, in behalf of defendant Elsworth.; that afterwards the defendants maliciously composed and published what purported to be specifications or objections to the bankrupt's discharge, wherein, among other things they falsely alleged that the bankrupt, Caludwell, had procured and induced the plaintiff to testify falsely on such examination in regard to material facts, viz: that a certain share or interest in a certain business and firm, which in truth and fact belonged to the bankrupt, was the property of other persons, thereby intending to charge plaintiff with *committing purjury on such examination.*

The complaint further alleged, that the said defamatory statements were wholly immaterial upon the controversy pending before the register and the United States District Court, between the bankrupt and his opponent. That they were false and malicious and wilful, and made with intent to defame and injure the plaintiff.

The defendants demurred to the complaint, alleging for cause of demurrer, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from that order defendant appeals.

A. R. DYETT, *for appellants.*
IRA D. WARREN, *for respondent.*

*By the court,* FITHIAN, J. That the words charged in the complaint are libelous and actionable at common law is not controverted; and the defendants must be held to answer in damages for their publication, unless they can show that under the circumstances of the publishing, it was a "privileged communication." This defendants claim to be the fact, on the grounds (as they assert), that the matter claimed as defamatory, was written and published by them in a legal

proceeding before a court of competent jurisdiction, in the discharge of their duty, and the protection of their rights, as party and attorney; and further, that although the complaint alleges that the defamatory matter was wholly immaterial upon the controversy pending in the court of bankruptcy, yet that the facts stated in the complaint show that such defamatory matter was in fact pertinent and material upon the issue pending in the bankrupt proceeding.

There is some conflict of authority in the American courts, as to the extent of the protection afforded to persons uttering or publishing defamatory matter of or concerning others, under circumstances which enable them to allege such matter to be a "*privileged communication.*" In the courts of the United States, and in some of the states it is held, that the privilege and protection extends only to persons speaking or writing in good *faith and without malice.* That in judicial proceedings, when the defamatory matter is *pertinent and material* to the issue being tried, malice is not to be implied, and the *onus* is upon the plaintiff to show the falsity of the words, and express malice in the publisher or speaker. But when the matter is *immaterial,* the *onus* was upon the defendant to show that he spoke or published in good faith and without malice, and having probable cause to believe the matter to be both true and pertinent. (*White* agt. *Nichols, et. al.,* 3 *How. U. S. R.,* 267, *and authorities cited.*)

I am of opinion, however, after a careful examination of the authorities, that in England and in this state, the rule is *different.* It appears to be the settled doctrine of the courts of this state, that words spoken or written, in a judicial proceeding by any person (attorney or party), having a duty to discharge, or an interest to protect in respect to such proceedings, are *absolutely privileged.* And no action will lie for such speaking or writing, however *false, defamatory* or malicious may be the words, provided the matter was *material* to the the issue or inquiry before the court. (*Buller's*

*Nisi Prius*, 10; *Brook* agt. *Montague*, *Cro. Jac.*, 90; *Mc-Millan* agt. *Borst*, 1 *Bin.*, 178; *Hadysace* agt. *Scarlett*, 1 *Barn. & Ald.*, 232; *Ring* agt. *Wheeler*, 7 *Cowen*, 725; *Gilbert* agt. *The People*, 1 *Denio*, 41; *Hastings* agt. *Lusk*, 22 *Wend.*, 410; *Garr* agt. *Selden*, 4 *Comst.*, 91; *Warner* agt. *Paine*, 2 *Sand. S. C.*, 195.)

So these cases, and many others that might be cited holds, nevertheless, that if the defendant will wander from the point in issue, and speak and write slanderous or libelous matter of another not *material* or *pertinent* to the inquiry, he shall be held to answer in damages, unless he can satisfactorily show; that he spoke or wrote the words, in *good faith*, without malice, and having reasonable and probable cause to believe they were both true and material.

Thus it appears that where words concededly defamatory, are spoken or written in judiciel proceedings and the speaker or writter claims them to be absolutely privileged, within the principle settled by the above authorities, the *onus* is upon him to show clearly, that such defamatory matter was *material* to the issue or inquiry before the court. And on this point there should be no doubt or uncertainty. The courts have certainly, and perhaps unnecessarily gone a great way in extending protection to parties and attorneys. The malevolence of the libelous matter, is that which affords the protection; and whether material or not, is to be determined by the court, and must not be left in doubt, or to inference.

It must appear from the facts alleged or proved, or both, that the defamatory matter claimed to be "privileged" was certainly and clearly material to the inquiry before the court.

In the case at bar the words are clearly libelous and defamatory, unless "privileged." The publication is admitted. And it is also admitted that the words are and were wholly "untrue, malicious and wilful," and "made with intent to defame" as stated in the complaint. The defendants claim

that these facts furnish no cause of action, because (as they allege), it appears from the facts set forth in the complaint, that the libelous matter was published in a judicial proceeding and was material to be alleged and proved in the matter in question before the court; and that, therefore, neither the truth or falsehood of the words, or the motive with which they were published can be inquired into.

It remains only to inquire, then whether it does clearly appear from the facts stated in the complaint that the defamatory matter was material, on any issue or inquiry pending before the register or court in bankruptcy. Not that it might possibly appear to have been material by inferring the existence of some facts not expressly alleged, in connection with those that do appear, but whether from the facts stated, standing alone, the matter does clearly appear to have been material. And here I put out of view altogether the allegation in the complaint, that the " defamatory words were wholly immaterial upon the controversy," &c., because that is an assertion, not of a *fact*, but a legal conclusion upon which no proper *issue* could be taken. And the defendants are not to be held to have admitted the allegation by their demurrer; nor are they estopped from controverting it on argument. (*McKyring* agt. *Bull*, 16 *N. Y. R.*, 297.)

The plaintiff's counsel contended on the argument, that whether the plaintiff did or not commit perjury or swear false on the hearing before the register, was wholly immaterial as between the bankrupt and his opposing creditor. This is true, and if the charge had stopped there, it would be unnecesary to inquire further. But the gravamen of the defamatory accusation is not only that plaintiff testified falsely, but that he was *induced so to do by the bankrupt*. It becomes necessary, therefore, to examine further and see if there be any *facts* stated in the complaint from which it appears that it was material on the question of the bankrupt's discharge on the examination before the register, either to allege, or prove that the bankrupt

had procured a witness to swear falsely in reference to any matter material or otherwise, in the course of the previous proceedings. And whether it was material so to allege or prove, what is charged in the alleged defamatory specification, must depend entirely upon what was the particular and specific issue or inquiry pending before the register at the time the plaintiff testified, and at the time of filing the libelous publication. After a careful and critical examination of the complaint, I am unable to discover any fact showing the *materiality* of the libelous matter. It is not permisible to refer to the language of the libel itself, to show its materiality. For the complaint charges, and the demurrer admits, the words of the *libel* to be wholly false and untrue. And that is not, (in respect to the words spoken or written), a legal conclusion. For it is always allowable to allege as a *fact*, that the defamatory words are false and untrue, and inasmuch as the only statement found in the complaint, tending to show that the witness was induced to testify in referenc to *"material facts in the proceedings,"* is a part of the libel itself. And the complaint alleging, and the demurrer admitting that statement to be wholly *false,* the pleading is thus left without a single allegation tending to show the materiality of the defamatory matter.

This will more fully appear from a reference to the bankrupt act. Section 10 of that act authorizes the Justices of the Supreme Court of the United States to make and publish rules of proceedings in bankruptcy. Sectoin 29 provides that a bankrupt's application for a discharge may be opposed and defeated, if it be made to appear that he has been guilty of any one of eighteen specific and enumerated acts or omissions. The last ot which is, "if he has been guilty of any fraud whatever contrary to the true intent of the act." Section 31 permits an opposing creditor to file a specification in writing of the grounds of his opposition. And the court may order any *question of fact* so presented to be tried at a stated session of the court. And rule 24 provides that an opposing

creditor shall enter his appearance in opposition on the day the creditors are required to show cause against the bankrupt's discharge, and shall file his specifications of the grounds of his opposition in writing, within ten days thereafter, unless the time be enlarged. And the court shall then make an order sending the case on to the docket of the district court for trial. And § 26 provides for the examination of the bankrupt and his wife *before the court.*

Now, all that appears in the complaint, in respect to these essential requisites to raise a material issue or inquiry, is the allegations that the bankrupt filed his petition; that it was referred to the register; that defendant, Elsworth, appeared and opposed the bankrupt's discharge; procured an order for his examination before the register; that an examination was had and the plaintiff was sworn as a witness on such examination; and that afterwards the libelous specification was filed. But there is not a single fact stated outside the libel itself, from which the court can learn what was the subject matter of the examination before the register; or as to what particular matter the plaintiff was examined upon; or as to whether his testimony related to either or which of the eighteen grounds of opposition to a discharge, specified in the statute. There is, therefore, no fact whatever alleged in the complaint, from which the court can determine whether or not the testimony of the plaintiff before the register (whether true or false), had any relation whatever to any fact necessary or proper to be proved or disproved affecting the bankrupt's discharge.

The defendant's counsel relies upon the case of *Garr* agt. *Selden,* (4 *Comst.* 91.) But in that case all the facts to enable the court to determine as to the materiality of the scandalous matter, were spread upon the record. There the plaintiff had sued the defendant to recover for professional services, rendered as an attorney and counsel in suits for the defendant. The defendant answered among other things, that the plaintiff had conducted the suits in a negligent, un-

skilful and unfaithful manner. The plaintiff moved the court on affidavits to strike these allegations out of the answer. In opposition to that motion, the defendant read and filed an affidavit of his own, containing the scandalous matter complained of. And the question was, whether that scandalous matter was material and pertinent on that motion. The court *held it was*, and that the words were privileged.

But there is no such facts shown in the complaint here. The defendant's counsel claims that the alleged defamatory matter was material to show, that the bankrupt had been guilty of a "fraud contrary to the true intent and meaning of the act," in concealing his property. But the difficulty is, there is nothing in the complaint from which the court can see that the question of *fraud* or *concealment* of property, or anything else that would make the charge contained in the libel material to be proved, was at all a subject of inquiry before the register. So, even if it were true, that the bankrupt procured the witness (plaintiff) to swear falsely before the register, if that false swearing was in respect to some matter wholly *immaterial* to the inquiry pending before the Register; it would be equally immaterial to allege or prove such subornation on any subsequent hearing before the district court. Because if *immaterial* it would be no evidence against the bankrupt.

It is very possible that it was in fact very material to allege and prove the defamatory matter. But it suffices to say here, that the *complaint* does not show it. Unless, therefore, the court is prepared to go the extent of holding that defamatory matter, which if true does not appear to be at all material, becomes material by publishing it, even though confessedly false, the decission at the special term must be sustained.

The order appealed from is affirmed with costs, and with leave for defendant to apply at special term for leave to withdraw his demurrer and answer on terms.

JONES and MONELL, justices, concurred.