MARSTILLER, J.
The Florida State University Board of Trustees (“FSU”) petitions for a writ of certiorari to review a non-final order of the circuit court denying FSU’s motion to dismiss with prejudice a complaint alleging defamation. We grant the petition and quash the lower court’s order.
In 2007, FSU learned of possible academic misconduct in its Office of Athletic Academic Support Services (“OAAS”), which provides academic assistance to student athletes. FSU undertook an investigation, and thereafter, its chief audit officer issued a report finding there was “considerable testimonial evidence” that a “Learning Specialist” and a tutor within the OAAS “perpetuated academic dishonesty” to a degree which may have violated the academic honor policy of the university. FSU eventually made the report public. Although the report did not name the learning specialist, her identity was quickly discovered. Respondent Brenda Monk is the learning specialist referenced in the report. After release of the report, Ms. Monk resigned from her job at FSU and filed the instant defamation action.
Ms. Monk alleges in her third amended complaint that FSU “improperly caused to be published to the world, the false and/or misleading and defamatory report regarding her work at the University.” The published report is defamatory, she alleges, because it failed to reflect she “was *318 hired to perform the very tasks she was accused of committing as an impropriety,” it cast her in a false light by failing to include all relevant facts, and it was written in such a way “as to lead a reasonable reader ... to conclude that [she] was involved in providing test answers to twenty three (23) unidentified athletes who were ultimately sanctioned” when, in fact, another person had provided the answers. FSU published the report “for an improper purpose even though it knew or should have known that [Ms. Monk] was not involved in providing test answers to the athletes in question.” The improper purpose, Ms. Monk alleges, was to avoid sanctions from the National Collegiate Athletic Association (“NCAA”). Because Ms. Monk was the only learning specialist in FSU’s Athletic Academic Support Services Department, the media easily identified her from the report, and as a result, she alleges, she was defamed. FSU moved to dismiss the complaint with prejudice on the ground that it enjoys absolute immunity from the defamation suit. The trial court denied the motion, finding dismissal premature at this stage in the proceedings. FSU now petitions for a writ of certiorari to challenge that denial.

Threshold Jurisdictional Analysis

Only in limited circumstances is certio-rari the proper remedy to review a non-final order not subject to appeal under the Florida Rules of Appellate Procedure, such as the order denying a motion to dismiss at issue in this case. See Fla. R.App. P. 9.130(8); AVCO Corp. v. Neff, 30 So.3d 597, 601 (Fla. 1st DCA 2010). Review of such an order is only available by certiora-ri if the petitioner establishes that (1) the trial court departed from the essential requirements of law, (2) the ruling resulted in material injury for the remainder of the case, (3) and the injury cannot be remedied adequately on plenary appeal. Williams v. Oken, 62 So.3d 1129, 1132 (Fla.2011); Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004). “The last two elements are jurisdictional and must be analyzed before the court may even consider the first element.” Williams at 1132.
This court has allowed certiorari review under circumstances similar to those presented here because absolute immunity protects a party from having to defend a lawsuit at all, and waiting until final appeal to review an order denying dismissal on immunity grounds renders such immunity meaningless if the lower court denied dismissal in error. See Fuller v. Truncale, 50 So.3d 25, 27-28 (Fla. 1st DCA 2010) (finding petitioner whose motion to dismiss was denied would be irreparably harmed by litigating lawsuit to conclusion because asserted judicial immunity would protect petitioner from suit, and “there would be no way on appeal to redress the harm caused by entangling him in litigation”). Accord Stephens v. Geoghegan, 702 So.2d 517, 522 (Fla. 2d DCA 1997) (“Because of the nature and purpose of a claim of immunity, an appeal after final judgment would not be an adequate remedy. Accordingly, we hold that [the petitioners] have established the requisite material harm, irreparable on appeal after judgment, needed to invoke our certiorari jurisdiction.”). See also Crowder v. Barbati, 987 So.2d 166, 167 (Fla. 4th DCA 2008) (granting certiorari to review an order denying dismissal of defamation complaint where sheriff claimed absolute immunity from suit). We thus grant certiorari review in this case, as well.

Merits Analysis

Once the jurisdictional threshold for certiorari is crossed, a petitioner must demonstrate that the lower court departed from the essential requirements of law. FSU contends that the court did so depart when it refused to dismiss the defamation *319 lawsuit on absolute immunity grounds. “In Florida, ‘[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation’ ... [and the] absolute privilege protects the statements of all public officials, regardless of the branch of government or the level of the official.” Cassell v. India, 964 So.2d 190, 194 (Fla. 4th DCA 2007) (quoting Stephens v. Geoghegan, 702 So.2d 517, 522 (Fla. 2d DCA 1997)). See also McNayr v. Kelly, 184 So.2d 428 (Fla.1966) (county manager had absolute immunity from libel suit after firing sheriff and supplying county commissioners with a report of the firing). As the Florida Supreme Court explained in Hauser v. Urchisin, 281 So.2d 6 (Fla.1970):
The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged. Under our democratic system the stewardship of public officials is daily observed by the public. It is necessary that free and open explanations of their actions be made.
Id. at 8.
Ms. Monk charges that FSU defamed her when it made public the report of its investigation into alleged academic misconduct in its OAAS. Without question, FSU was acting “in connection with [its] official duties” by investigating possible violations of its academic honor code, see Hauser, 231 So.2d at 8, and the report at issue here was produced by FSU’s chief audit officer in furtherance of his and FSU’s official duties. Releasing the report to the public also falls within FSU’s responsibilities. In McNayr, a sheriff sued his former boss, the county manager, for libel after the county manager fired him and gave the Board of County Commissioners a report explaining the reasons for the firing. 184 So.2d at 430. The sheriff posited that the county manager had acted outside of his official responsibilities because he was not required to provide the report to the Board. Id. The supreme court concluded that providing a report of his actions to the commissioners was “within the orbit of’ the county manager’s responsibilities even though he had “no positive duty” to do so. Id. The court reasoned, “as the appointee of the Board and its chief executive officer, [the county manager] was bound by the very nature of the act itself and the impact on public opinion of discharging a high elective official summarily, to keep the Board advised of his actions and reasons therefor.” In Crowder v. Barbati, 987 So.2d 166 (Fla. 4th DCA 2008), a citizen sued the local sheriff for defamation for issuing a press release naming the citizen and others as “deadbeat dads” for failing to pay court-ordered child support. Id. at 167. The appellate court concluded that providing such information to the media was within the scope of the sheriffs official duties because inducing delinquent parents to pay child support is a proper governmental function. Id. at 168. Similarly, in Mueller v. The Florida Bar, 390 So.2d 449 (Fla. 4th DCA 1980), the court determined that Bar counsel acted within the scope of his authority in disseminating a press release about a disbarred attorney because doing so was “in the interest of the public good....” Id. at 451. Here FSU was confronted with allegations of serious academic misconduct by its student athletes and was duty-bound to investigate the allegations. The nature of the charges, the potential for NCAA sanctions, and the fact that FSU is a public university made release of the investigation report necessary.
Inasmuch as producing and publishing the report were part of its official duties, FSU, an executive branch entity, see section 20.155, Florida Statutes, enjoys absolute immunity from a defamation suit *320 seeking damages for those acts. The trial court therefore departed from the essential requirements of law by denying dismissal of Ms. Monk’s lawsuit. Accordingly, we grant the petition for writ of certiorari, quash the order denying the motion to dismiss Monk’s third amended complaint, and remand the case for further proceedings consistent with this opinion.
Petition for writ of certiorari GRANTED; case REMANDED for further proceedings.
ROBERTS and SWANSON, J.J., concur.