GERBER, J.
The buyer of a property appeals the circuit court’s final order dismissing with prejudice its quiet title action against JP Morgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. (collectively, “the bank”) following the bank’s voluntary dismissal of a foreclosure action *591 against the property’s prior owner. The buyer argues the circuit court erred in finding that the litigation privilege barred the quiet title action. We agree with the buyer’s argument. Therefore, we reverse for reinstatement of the quiet title action.
We will explain briefly the litigation privilege before explaining the reasoning for our decision.
The litigation privilege is an affirmative defense which affords absolute immunity “to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding.” Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606, 608 (Fla.1994). The rationale behind the litigation privilege is to “free [participants in litigation] to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.” Id.
The bank’s motion to dismiss argued that because the buyer’s allegations in the quiet title action were based on the bank’s allegations in the voluntarily-dismissed foreclosure action, the litigation privilege barred the quiet title action. In response, the buyer argued that the litigation privilege would not bar a quiet title action. According to the buyer:
[T]he general rule is that an assertion in a judicial proceeding of an adverse claim, even though such a proceeding may have been terminated without a decree on the merits, will constitute a cloud on title which may be removed or confirmed in an equitable proceeding brought for that purpose.
Stark v. Frayer, 67 So.2d 237, 239 (Fla.1953).
The circuit court agreed with the bank’s argument. In its order dismissing with prejudice the buyer’s quiet title action, the court reasoned that the litigation privilege barred the quiet title action because it was based entirely on actions and statements which occurred during the foreclosure action.
This appeal followed. The buyer argues that the circuit court erred in finding that the litigation privilege barred the quiet title action. Our review is de novo. See Edwards v. Landsman, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011) (“A trial court’s order granting a motion to dismiss is reviewed de novo.”); DelMonico v. Traynor, 116 So.3d 1205, 1211 (Fla.2013) (the issue whether the litigation privilege applies “is a pure question of law, subject to de novo review”).
For two reasons, we agree with the buyer that the litigation privilege did not bar the quiet title action.
First, Florida case law currently applies the litigation privilege to bar actions arising from “misconduct [which] constitutes a common-law tort or a statutory violation.” Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380, 384 (Fla.2007). No Florida case has applied the litigation privilege to bar a quiet title action. Although the bank cites Echevarria for the proposition that the litigation privilege “applies across the board to actions in Florida,” id., a closer reading of Echevarria reveals that our supreme court simply was extending the litigation privilege to include not just common law torts, but also misconduct constituting statutory violations. See id. (“[There is] no reason why ... [the] rationale [behind the litigation privilege] would be limited by whether the misconduct constitutes a common-law tort or a statutory violation.”).
Second, the litigation privilege would not serve its intended purpose by barring the owner’s quiet title action. The purpose of the litigation privilege is to *592 “free [participants in litigation] to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.” Id. (quoting Levin, 639 So.2d at 608). In the owner’s quiet title action, however, the bank would not have to defend its actions in the prior foreclosure action. The bank would have to defend only the validity of the mortgage upon which it based its foreclosure action, if it even chooses to do so given its voluntary dismissal of its foreclosure action. See Fla. R. Civ. P. 1.420(f) (2012) (“If a notice of lis pendens has been filed in connection with a claim for affirmative relief that is dismissed under this rule, the notice of lis pendens connected with the dismissed claim is automatically dissolved at the same time.”).
Based on the foregoing, we reverse the circuit court’s dismissal with prejudice of the buyer’s quiet title action, and remand for further proceedings as to that action. We take no position on the merits of the buyer’s quiet title action, other than recognizing, as the bank argues, that some of the buyer’s allegations within the action may be irrelevant and superfluous to stating a quiet title action. We affirm the dismissal with prejudice of the buyer’s actions against the bank for nuisance and slander of title without further discussion.

Affirmed in part, reversed in part, and remanded for further proceedings.

STEVENSON and MAY, JJ„ concur.