IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NICHOLAS A. JAMES,

       Petitioner,

v.

DANIEL K. LEIGH and KENNY
LEIGH, P.A.,

       Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-799

Opinion filed September 5, 2014.

Petition for Writ of Certiorari—Original Jurisdiction.

Steven E. Brust and Jonathon D. Pressley of Smith, Gambrell & Russell, LLP, Jacksonville, for Petitioner.

P. Campbell Ford and Alison A. Blake of Ford, Miller & Wainer, P.A., Jacksonville Beach, for Respondents.

SWANSON, J.

In this certiorari proceeding, petitioner seeks review of a nonfinal order denying his motion to dismiss respondents' claims for defamation and breach of a non-disparagement agreement as barred under the absolute litigation privilege. Because

we conclude the applicability of the privilege was demonstrated on the face of the complaint and the exhibits attached to the complaint, we grant the petition.

Respondents, petitioner's former law partner and law firm, filed a complaint against petitioner for defamation and breach of a non-disparagement agreement arising from statements published by petitioner in petitioner's divorce proceeding. The statements in question were made in an "Objection to Entry of Final Judgement [sic] and Motion to Set Aside Marital Settlement Agreement" and "Husband's Brief," both of which were attached to the complaint as exhibits, and included accusations of misconduct against petitioner's former partner. Essentially, petitioner sought to set aside the marital settlement agreement with his former wife because it was entered based on the belief that petitioner's law partner would be disciplined for misconduct, allowing petitioner to maintain his income by assuming control of the firm or starting a new firm and taking his existing clients with him. Instead, petitioner was fired, disciplinary proceedings against petitioner's former law partner were dismissed, and petitioner had to start his own firm from scratch, making only a fraction of his prior income.

Petitioner filed a motion to dismiss the claims for defamation and breach of the non-disparagement agreement on the ground the alleged defamatory statements made in petitioner's divorce proceeding were protected by the absolute litigation privilege. After holding a hearing, the trial court denied petitioner's motion to dismiss on the

2

ground the applicability of the privilege was not clear from the face of the complaint. This petition for writ of certiorari followed.

"The law in Florida has long been that defamatory statements made in the course of judicial proceedings are absolutely privileged, and no cause of action for damages will lie, regardless of how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry." Fridovich v. Fridovich, 598 So. 2d 65, 66 (Fla. 1992). Our supreme court has explained:

> This absolute immunity resulted from the balancing of two competing interests: the right of an individual to enjoy a reputation unimpaired by defamatory attacks versus the right of the public interest to a free and full disclosure of facts in the conduct of judicial proceedings. In determining that the public interest of disclosure outweighs an individual's right to an unimpaired reputation, courts have noted that participants in judicial proceedings must be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim. Although the immunity afforded to defamatory statements may indeed bar recovery for bona fide injuries, the chilling effect on free testimony would seriously hamper the adversary system if absolute immunity were not provided.

Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994) (citations omitted). In recognition of the necessity for the free flow of information, courts have not imposed a strict relevancy test in determining whether a statement made during the course of a judicial proceeding is entitled to immunity so long as the statement "has some relation to the proceeding."

3

Hope v. Nat'l Alliance of Postal & Fed. Emps., Jacksonville Local No. 320, 649 So. 2d 897, 901 (Fla. 1st DCA 1995).  Accord DelMonico v. Traynor, 116 So. 3d 1205, 1219 (Fla. 2013); Levin, 639 So. 2d at 608; Fridovich, 598 So. 2d at 66-67; R.H. Ciccone Props., Inc. v. JP Morgan Chase Bank, N.A., 39 Fla. L. Weekly D1044 (Fla. 4th DCA May 21, 2014).  Although immunity is generally raised as an affirmative defense in an answer or other responsive pleading, it may be raised in a motion to dismiss if its applicability is demonstrated on the face of the complaint or exhibits.  Fariello v. Gavin, 873 So. 2d 1243, 1245 (Fla. 5th DCA 2004).  When the trial court denies a motion to dismiss on immunity grounds, certiorari review of the non-final order is proper because absolute immunity protects a party from having to defend a lawsuit at all and waiting until final appeal would render such immunity meaningless if the lower court denied dismissal in error.  Fla. State Univ. Bd. of Trs. v. Monk, 68 So. 3d 316, 318 (Fla. 1st DCA 2011).

We conclude that respondents' complaint and the attached exhibits demonstrate the statements made in petitioner's "Objection to Entry of Final Judgement [sic] and Motion to Set Aside Marital Settlement Agreement" and his supporting "Husband's Brief" had some relation to petitioner's divorce proceeding because they attempted to explain why petitioner entered into the marital settlement agreement based on the mistaken belief that petitioner's law partner would be disciplined for misconduct, allowing petitioner to maintain his income by assuming control of the firm or starting a

4

new firm and taking his existing clients with him.  See Hope, 649 So. 2d at 901 (holding that statements that a postal employee "collaborated in the death of the young black male" and was "an accessory to murder in that he actually destroyed the murder weapon" were entitled to immunity because the statements "related to" the union grievance proceeding regarding racial tensions in the workplace).  As a result, the statements made by petitioner during the course of judicial proceedings to inform the court of his reasons for his objection and motion were absolutely privileged.  See Dadic v. Schneider, 722 So. 2d 921, 923 (Fla. 4th DCA 1998) (holding that statements made by counsel in his motion to withdraw from representation of his clients were absolutely privileged because counsel made the statements during the course of judicial proceedings to inform the court of the reasons for the motion).  The falsity or maliciousness of these statements is irrelevant to the application of the privilege.  Ross v. Blank, 958 So. 2d 437, 441 (Fla. 4th DCA 2007).

We reject respondents' contention that petitioner waived the absolute litigation privilege by entering into the non-disparagement agreement.  Our supreme court has held that "an individual cannot waive a right designed to protect both the individual and the public."  Chames v. DeMayo, 972 So. 2d 850, 860 (Fla. 2007).  Since the absolute litigation privilege is a firmly established right of immunity designed to protect the public by ensuring the free and full disclosure of facts in the conduct of judicial proceedings, we conclude the parties' non-disparagement agreement could not

5

be construed as a waiver of the privilege.  Accordingly, we grant the petition, quash the

trial court's order, and remand for further proceedings consistent with this opinion.

PETITION GRANTED.

CLARK, J., CONCURS; VAN NORTWICK, J., SPECIALLY CONCURS WITH OPINION.

VAN NORTWICK, J., specially concurring.

I concur fully with the majority opinion. The litigation privilege clearly applies to the statements in the pleadings filed by petitioner in his divorce proceeding. I write separately to expand the discussion of the standard applicable here.

Below and on appeal, the respondent admits that certain of the alleged defamatory statements made by petitioner were related to his request for a reduction in his support obligations due to his decreased income. Respondents assert, however, that the petitioner's pleadings must be examined sentence-by-sentence to determine if each statement is relevant to the divorce proceeding and is, therefor, covered by the privilege. The respondents are seeking to apply a standard that would establish a closer relationship between the alleged defamatory statements and the judicial proceeding in which they are made than the case law establishes. Courts have not imposed a strict relevancy test in determining whether a statement made during the course of a judicial proceeding is entitled to immunity so long as it "has some relation to the proceeding." Hope v. Nat'l Alliance of Postal & Fed. Emps., Jacksonville Local No. 320, 649 So. 2d 897, 901 (Fla. 1st DCA 1995); accord DelMonico v. Traynor, 116 So. 3d 1205, 1219 (Fla. 2013); Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606 (Fla. 1994); Fridovich v. Fridovich, 598 So. 2d 65, 66 (Fla. 1992); R.H. Ciccone Props., Inc. v. JP Morgan Chase Bank, N.A., 39 Fla. L. Weekly D1044 (Fla. 4th DCA May 21, 2014).

7

The Florida "bears some relation" test adheres to the Restatement's "some relation" test. Restatement (Second) of Torts § 586 (1977). In determining whether a lawyer's statement has "some relation" to a judicial proceeding, all that is required "is a minimal possibility of pertinence or simplest rationality." Mosesson v. Jacob D. Fuchsberg Law Firm, 683 N.Y.S. 2d 88, 89 (App. Div. 1999). Here, the petitioner's pleadings all relate directly to the divorce proceeding, and all of the statements in the pleadings are at least minimally related to the divorce proceeding.

Notwithstanding the leniency of the "some relation" requirement, of course, some communications can be so tenuously linked to a judicial proceeding that they cannot reasonably be said to relate. For example, if the petitioner's pleadings had falsely accused the respondents of being members of Al-Qaida, such statements would have no relation to the divorce proceeding and would not be protected by the privilege.

Gilbert v. People, 1 Denio 41 (N.Y. Sup. Ct. 1845), a vintage New York case, provides an agricultural example of statements bearing no relation to the judicial proceedings. The lawyer in Gilbert represented the plaintiff in a trespass action in which several of the plaintiff's sheep were harmed. Id. at 42. The lawyer submitted a declaration in the proceeding stating that the defendant "was 'reported to be fond of sheep, bucks, and ewes, and of wool, mutton and lambs,'" was "'in the habit of biting sheep,'" and, if found liable, should "be hanged or shot." When sued for libel, the lawyer asserted the litigation privilege as a defense. The court rejected the claim of

8

privilege and found the lawyer's statements "in no respect relevant or material" to the underlying action.  Id. at 42-43; see generally, Douglas R. Richmond, The Lawyer's Litigation Privilege, 31 Am. J. Trial Advoc. 281, 317-19 (2007).