VAN NORTWICK, J.,
specially concurring.
I concur fully with the majority opinion. The litigation privilege clearly applies to the statements in the pleadings filed by petitioner in his divorce proceeding. I write separately to expand the discussion of the standard applicable here.
Below and on appeal, the respondent admits that certain of the alleged defamatory statements made by petitioner were related to his request for a reduction in his support obligations due to his decreased income. Respondents assert, however, that the petitioner’s pleadings must be examined sentenee-by-sentence to determine if each statement is relevant to the divorce proceeding and is, therefor, covered by the privilege. The respondents are seeking to apply a standard that would establish a closer relationship between the alleged defamatory statements and the judicial proceeding in which they are made than the case law establishes. Courts have not imposed a strict relevancy test in determining whether a statement made during the course of a judicial proceeding is entitled to immunity so long as it “has some relation to the proceeding.” Hope v. Nat’l Alliance of Postal & Fed. Emps., Jacksonville Local No. 320, 649 So.2d 897, 901 (Fla. 1st DCA 1995); accord DelMonico v. Traynor, 116 So.3d 1205, 1219 (Fla.2013); Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla.1994); Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla.1992); R.H. Ciccone Props., Inc. v. JP Morgan Chase Bank, N.A., 141 So.3d 590 (Fla. 4th DCA 2014).
The Florida “bears some relation” test adheres to the Restatement’s “some relation” test. Restatement (Second) of Torts § 586 (1977). In determining whether a lawyer’s statement has “some relation” to a judicial proceeding, all that is required “is a minimal possibility of pertinence or simplest rationality.” Mosesson v. Jacob D. Fuchsberg Law Firm, 257 A.D.2d 381, 683 N.Y.S.2d 88, 89 (1999). Here, the petitioner’s pleadings all relate directly to the divorce proceeding, and all of the statements in the pleadings are at least minimally related to the divorce proceeding.
Notwithstanding the leniency of the “some relation” requirement, of course, some communications can be so tenuously linked to a judicial proceeding that they cannot reasonably be said to relate. For example, if the petitioner’s pleadings had falsely accused the respondents of being members of Al-Qaida, such statements would have no relation to the divorce proceeding and would not be protected by the privilege.
Gilbert v. People, 1 Denio 41 (N.Y.Sup.Ct.1845), a vintage New York case, provides an agricultural example of statements bearing no relation to the judicial proceedings. The lawyer in Gilbert represented the plaintiff in a trespass action in which several of the plaintiffs sheep were harmed. Id. at 42. The lawyer submitted a declaration in the proceeding stating that *1010 the defendant “was ‘reported to be fond of sheep, bucks, and ewes, and of wool, mutton and lambs,’” was ‘“in the habit of biting sheep,’ ” and, if found liable, should “be hanged or shot.” When sued for libel, the lawyer asserted the litigation privilege as a defense. The court rejected the claim of privilege and found the lawyer’s statements “in no respect relevant or material” to the underlying action. Id. at 42-43; see generally, Douglas R. Richmond, The Lawyer’s Litigation Privilege, 31 Am. J. Trial Advoc. 281, 317-19 (2007).