# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1782
Lower Tribunal No. 13-00808
_____


**Bank of America, N.A.,**
Petitioner,

vs.

**Lisa S. Dulberg De Morales, et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Carlos M. Guzman, Judge.

McGuireWoods LLP and Sara F. Holladay-Tobias (Jacksonville), for petitioner.

Jacobs Legal, PLLC and Bruce Jacobs, for respondents.

Before SCALES, LINDSEY and LOBREE, JJ.

LOBREE, J.

Bank of America, N.A. (the "bank"), petitions for a writ of certiorari to quash

the lower court's orders deferring ruling on its motion to dismiss and denying its

alternative motion to stay discovery, sought against Lisa S. Dulberg De Morales (the "mortgagor"). We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A). Because the bank was entitled to a ruling on its motion to dismiss asserting immunity from suit before a ruling could be made compelling additional discovery disclosures, we agree that the trial court departed from the essential requirements of the law in deferring ruling on the motion to dismiss, compelling the discovery at issue, and failing to stay discovery.

In April 2019, the mortgagor filed the operative, third amended complaint, raising two causes of action for purported racketeering and deceptive trade practice violations by the bank. The bank immediately moved to dismiss the complaint as stemming from acts protected by litigation immunity. In July of that year, at a hearing on the bank's motion to set a hearing on its motion to dismiss, the trial court orally ruled that a future hearing would be coordinated with chambers to hear all pending motions. The mortgagor propounded discovery requests due August 22, 2019. She also amended her motion for sanctions and to issue an order to show cause against the bank for purported discovery violations and fraud the year before.

At a subsequent hearing on the bank's motion to stay discovery pending a ruling on its motion to dismiss, the bank again argued that a ruling on its motion to dismiss, based on absolute immunity, was required before further discovery and other considerations took place, unless the very immunity asserted be defeated. The

2

mortgagor countered that its motion for sanctions and to show cause, alleging fraud on the court by the bank in the proceedings, should be heard first or simultaneously with the motion to dismiss, and that discovery should proceed regardless, since even if the motion to dismiss was successful, "their litigation privilege says [the trial court] shouldn't let me sue them," but the court could still "handle it through [its] inherent contempt powers." The trial court made an oral ruling deferring both the motion to dismiss and the mortgagor's motion for an order to show cause at a hearing to be coordinated by the parties. The trial court reserved ruling on the motion to stay, promising a ruling by the end of the day which did not take place.

Weeks later, the mortgagor propounded more discovery requests. A week after the new discovery requests and almost a month since it reserved ruling on the motion to stay, the trial court issued an order denying the motion to stay. Because the denial of the stay arrived one day before the discovery was due, the bank moved for an extension of time to respond to outstanding discovery until twenty-eight days after the court's ruling on its motion to dismiss. The trial court instead extended the time to respond to thirty days from its denial of the stay and specifying the date in September of 2019 when they were due.

To be entitled to certiorari relief, the bank "must establish that the trial court's order . . . departed from the essential requirements of law in a way that will cause irreparable harm." Univ. of Miami v. Ruiz ex rel. Ruiz, 164 So. 3d 758, 763 (Fla. 3d

3

DCA 2015); <u>Bank of New York Mellon v. Figueroa</u>, 299 So. 3d 430, 433 (Fla. 3d

DCA 2019), <u>rev. denied</u>, SC20-333, 2020 WL 2498181 (Fla. May 13, 2020).

Although "[a] party typically cannot invoke an appellate court's certiorari

jurisdiction based on the denial of a motion to dismiss," "when the motion for

summary judgment hinges on the application of a complete . . . immunity from suit

. . . requiring a party entitled to that immunity to continue litigating the suit

constitutes irreparable harm in and of itself." <u>Ruiz</u>, 164 So. 3d at 763; <u>see also</u> <u>James</u>

<u>v. Leigh</u>, 145 So. 3d 1006, 1008 (Fla. 1st DCA 2014) (same).

Contrary to the bank's suggestion, we cannot quash the trial court's oral ruling

deferring to rule on its motion to dismiss. "[T]his court lacks jurisdiction to review

orders which have not been reduced to writing." <u>Rivera v. Dade County</u>, 485 So. 2d

17, 17 (Fla. 3d DCA 1986); <u>see also</u> <u>Davis v. Heye</u>, 743 So. 2d 1200, 1200 (Fla. 5th

DCA 1999) (dismissing petition for certiorari involving only oral ruling, not written

order). Nevertheless, "[w]hile postponing discovery for a short period of time

pending determination of material, outstanding motions [is] within the discretion of

the trial court," <u>Deltona Corp. v. Bailey</u>, 336 So. 2d 1163, 1169 (Fla. 1976), a trial

court's order denying a stay may qualify for certiorari review, <u>see</u> <u>Spacebox Dover,</u>

<u>LLC v. LSREF2 Baron, LLC</u>, 112 So. 3d 751, 752 (Fla. 2d DCA 2013).

The mortgagor is correct that the trial court had inherent authority to consider

her motion for sanctions even after a dismissal, such as would have resulted from a

4

favorable ruling on the bank's motion, as part of its jurisdiction over ancillary matters. See, e.g., Cutler v. Cutler, 84 So. 3d 1172, 1173 (Fla. 3d DCA 2012) (citing Tobkin v. State, 777 So. 2d 1160, 1163-64 (Fla. 4th DCA 2001)); see also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007) ("[T]he justification behind immunizing defamatory statements applies equally to 'other misconduct occurring during the course of a judicial proceeding' . . . [and] adequate remedies still exist for misconduct in a judicial proceeding, most notably the trial court's contempt power.") (quoting Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608-09 (Fla. 1994)).

Given the purpose of the immunity asserted, the potentially dispositive nature of the motion, and the circumstances, the trial court abused its discretion in failing to stay discovery until it ruled on the bank's motion to dismiss. Although the expense of continued litigation is ordinarily not a harm that warrants certiorari relief, it may lie in cases where the immunity asserted is from litigation altogether, and not just from liability. See, e.g., Tucker v. Resha, 648 So. 2d 1187, 1189 (Fla. 1994) ("[A]n order denying qualified immunity is 'effectively unreviewable on appeal from a final judgment,' as the public official cannot be 're-immunized' if erroneously required to stand trial *or face the other burdens of litigation*.") (quoting Mitchell v. Forsyth, 472 U.S. 511, 527 (1985) (emphasis added); DelMonico v. Traynor, 116 So. 3d

5

1205, 1215 (Fla. 2013) (litigation immunity is "from suit" altogether); Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 353 (Fla. 2012) (litigation immunity intended to prevent party from becoming involved in lawsuit altogether); O'Brien v. Exposito, 824 So. 2d 954, 955 (Fla. 3d DCA 2002) (certiorari available where party "will effectively lose [its] entitlement to . . . immunity if the case proceeds to trial, thereby causing irreparable injury"); Fla. Fish & Wildlife Conservation Comm'n v. Jeffrey, 178 So. 3d 460, 465 (Fla. 1st DCA 2015) (certiorari available against order denying officer's assertion of qualified immunity but not against denial of state's assertion of sovereign immunity, since potentially immune individual's continued litigation is harm different from state's continued exposure to litigation).

Moreover, the same failure sufficiently shows that "the trial court departed from the essential requirements of the law." Jeffrey, 178 So. 3d at 465-67 (granting certiorari against order deferring ruling on motion asserting qualified immunity); see also James, 145 So. 3d at 1008;[1] compare Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So. 2d 1022, 1025 (Fla. 1st DCA 1998) (granting certiorari against discovery stay only because it was "premature and without good cause"), with McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."); and Theodore D'Apuzzo, P.A. v. United

---

[1] We do not express any view on the merits of the bank's pending motion to dismiss.

<u>States</u>, No. 16-62769-Civ, 2017 WL 3098713, at *2 (S.D. Fla. Apr. 11, 2017) ("A brief stay of discovery will not cause any prejudice to [the plaintiff], who will have sufficient opportunity to conduct discovery if his claims advance."), and <u>Rice v. Haines</u>, 111 So. 3d 305, 305-06 (Fla. 5th DCA 2013) (granting stay of lower court discovery during certiorari proceedings where "denial of a stay will cause irreparable harm in the form of disclosure of the very things which are the subject of the pending petition").

Because even the mortgagor's counsel correctly noted below that the motion to dismiss could dispose of the entire case, just not of other ancillary issues, a stay was not only appropriate, but required under the facts of this case. Accordingly, we grant the petition, quash the trial court's order denying a stay and requiring discovery responses, and remand for further proceedings consistent with this opinion.