# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-2971
LT Case No. 2021-CA-000611-A

———————————————

CITRUS MEMORIAL HOSPITAL
INC. d/b/a CITRUS MEMORIAL
HOSPITAL,

    Petitioner,

    v.

MARLA IANNELLI and TONY
GAINEY,

    Respondents.

———————————————

Petition for Certiorari Review of Order from the Circuit
Court for Citrus County.
Carol A. Falvey, Judge.

Michael R. D'Lugo and Raymond T. Watts, of Wicker Smith
O'Hara McCoy & Ford, P.A., Orlando, for Petitioner.

Thomas S. Harmon, of Harmon Parker, PA, Tampa, for
Respondents.


November 9, 2023


PER CURIAM.

DENIED.

EISNAUGLE and KILBANE, JJ., concur.
MAKAR, J., concurs in result with opinion.

———————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————

MAKAR, J., concurring.

Citrus Memorial Hospital, Inc., petitions for review of the trial court's order denying it immunity from suit under the Public Readiness and Emergency Preparedness Act ("PREP Act"). 42 U.S.C. §§ 247d-6d, 247d-6e (2023). The "Liability protections" portion of the Act establishes immunity "from *suit* and liability under Federal and State law" for claims of losses "caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure[,]" provided "a declaration [by the Department of Health and Human Services] has been issued with respect to such countermeasure." *Id.* § 247d-6d(a)(1) (entitled "Targeted liability protections for pandemic and epidemic products and security countermeasures" (emphasis added)). Stated succinctly, hospitals and other specified entities and persons have federal statutory immunity from suit and liability for claims of patient injury arising from a drug, device, or other "countermeasure" that the Department has specified in a declaration addressing a public health emergency.

Pertinent to this case, the Department issued a declaration based on the Covid-19 outbreak, setting forth the scope of covered persons, countermeasures, and other required matters. *See* Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-

2

19, 85 Fed. Reg. 15198 (Mar. 17, 2020). The Declaration also recites that the "liability protections" in the Act are in effect; it specifically says that the "liability protections" are the statutory immunities provided by statute, i.e., immunity "from suit and liability under federal and state law." 85 Fed. Reg. 15199. In other words, the Department's intent is that full statutory immunity is available, notwithstanding its use of the shorthand phrase "liability protections." The apparent reason for use of this phrase to describe "immunity from suit and liability" is that the title of the statute itself is "Liability protections," as mentioned above.

The Act gives the Department broad authority to declare a public health emergency and the countermeasures to be manufactured, tested, developed, distributed, and administered. *See* 42 U.S.C. § 247d-6d(b)(1)-(9). Nothing in the Act, however, gives the Department the authority to decide whether to grant immunity from suit, immunity from liability, or both. A declaration of public health emergency triggers the "Liability protections" of the Act, but the Department is powerless to provide only one of those protections. That's because the text of the Act mandates that a covered person "shall be immune from suit *and* liability under Federal and State law" for covered countermeasures. *Id.* § 247d-6d(a)(1) (emphasis added). "And" means both, making it plain that the Act's immunities cannot be subdivided or separated. *See Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 400–01 (3d Cir. 2021) ("When the Secretary makes such a declaration, the covered individuals become immune from suit and liability from claims related to the administration of a covered countermeasure."). A declaration controls the scope of the countermeasures, and thereby the scope of situations in which statutory immunity is required; a declaration, however, cannot pick and choose which immunities to grant, effectively rewriting the statute.

In this case, the Hospital seeks immunity from suit, as the statute provides and the Declaration states. It has filed a petition under Florida Rule of Appellate Procedure 9.030(b)(2), which provides that certiorari jurisdiction exists in the district courts for nonfinal orders that are non-appealable (i.e., not listed in rule 9.130, the nonfinal order rule). Certiorari jurisdiction, in turn,

requires irreparable injury, which exists for claims asserting immunity from suit. That's because subjecting a party or agency to a lawsuit for which they have statutory immunity from suit constitutes irreparable harm. *See Univ. of Miami v. Ruiz*, 164 So. 3d 758, 763 (Fla. 3d DCA 2015) (noting that "[a] party typically cannot invoke an appellate court's certiorari jurisdiction based on the denial of a motion to dismiss or a motion for summary judgment[,]" but, for instance, when a motion for summary judgment "hinges on the application of a complete statutory immunity from suit" and it requires "a party entitled to that immunity to continue litigating the suit," it "constitutes irreparable harm in and of itself"); *see also Bank of Am., N.A. v. De Morales*, 314 So. 3d 528, 530 (Fla. 3d DCA 2020) (same); *see also Fuller v. Truncale*, 50 So. 3d 25, 27–28 (Fla. 1st DCA 2010) (finding that a petitioner whose motion to dismiss was denied would be irreparably harmed by continued litigation because the asserted judicial immunity would protect the petitioner from suit and "there would be no way on appeal to redress the harm caused by entangling him in litigation"). The "Liability protections" portion of the PREP Act clearly establishes immunity "from suit and liability," thereby making certiorari review appropriate in this type of case; rather than dismiss the case for lack of jurisdiction, the merits of the Hospital's petition must be reviewed and relief granted or denied.

Just because certiorari jurisdiction exists to review a claim of immunity from suit doesn't mean a petitioner is entitled to immunity from suit, only that a district court of appeal has jurisdiction to review a trial court's determination of whether immunity from suit was established. Petitioners in this class of cases are entitled to certiorari review because an erroneous trial court ruling effectively defeats the whole purpose of immunity from suit. *James v. Leigh,* 145 So. 3d 1006, 1008 (Fla. 1st DCA 2014) ("When the trial court denies a motion to dismiss on immunity grounds, certiorari review of the non-final order is proper because absolute immunity protects a party from having to defend a lawsuit at all and waiting until final appeal would render such immunity meaningless if the lower court denied dismissal in error."). In other words, statutory entitlement to immunity from suit is forever lost if a case erroneously proceeds and a party

entitled to immunity from suit incurs the burdens of litigation. *Tucker v. Resha*, 648 So. 2d 1187, 1189 (Fla. 1994) (explaining that entitlement to immunity from suit "is effectively lost if a case is erroneously permitted to go to trial" because *the party entitled to such immunity* "cannot be 're-immunized' if erroneously required to stand trial or face the other burdens of litigation").

Based on these principles, this court has certiorari jurisdiction to consider the Hospital's claim of immunity from suit. That said, the Hospital has not demonstrated that the claim presented falls within the scope of the countermeasures and activities that the Department's Declaration was intended to cover. To the contrary, the claim of damages against the Hospital is not causally connected to the administration or use of any drug, device or other statutorily defined countermeasure. Instead, it is a garden variety claim of medical negligence for the Hospital's alleged failure to prevent and treat pressure injuries of the type that can arise in many situations; it is not causally connected to the ventilator's use in this case. No departure from the essential requirements of law is shown. For these reasons, I concur in the denial of relief on the merits.